RICHARD ZOW, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The evidence examined shows a question for the jury as to the accused being free from fault in bringing on the difficulty.

2. In defining manslaughter, the court commits no error in first defining murder.

Writ of Error to Circuit Court, Volusia County; Jas. W. Perkins, Judge.

Judgment affirmed.

*J. E. Peacock,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

COCKRELL, J.—Richard Zow was convicted of manslaughter, and sentenced to the State's prison for a term of one year.

While there are forty-one assignments of error, they may be reduced as we read the brief for the plaintiff in error, to an attack upon the sufficiency of the evidence and a rather general criticism of the court's charges.

The homicide is clearly shown, but there is some plausibility for the argument that the State's evidence tended strongly to show it was done in self-defense. We have given the evidence close scrutiny upon this phase of the argument, and yet feel the conviction may be affirmed.

There was evidence tending to prove that the person slain was an old negro, who was given to profanity when

drinking, but was perfectly harmless; that he came to the place where Zow and other negroes were assembled, and scattered his profanity around generally, but impartially; that Zow was told he was harmless, but tried to frighten him and run him off; that the drunken old negro ran a short distance, then turned and pulled out a pocket knife, without opening it, whereupon Zow turned, ran a few steps, picked up an axe and split open the old negro's head. We think there were questions for the jury as to whether Zow was reasonably free from fault in the inception of the difficulty in arousing the old drunkard's ire, who had theretofore used only his tongue as a weapon, and as to whether a less violent assault might not reasonably have been used to avoid serious danger to Zow.

We find no fault with the charges of the court. Manslaughter is defined by a process of elimination and the court properly defined the higher degrees of unlawful homicide to enable the jury to know what constituted manslaughter, and we do not see that the court was needlessly verbose; in fact the charges appear all to have been such as have been frequently used and approved in this jurisdiction. In the absence of specific objection or criticism of the charges, we cannot be expected to analyze them now.

Other assignments are either entirely overlooked in the briefs or so lightly touched upon as to be considered abandoned, and require no comment.

The judgment is affirmed.

SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.

TAYLOR, C. J., absent on account of illness.