ISAAC SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed November 16, 1925.

1. Where the evidence is ample to sustain the verdict and the record contains nothing to indicate that the jury was influenced by anything other than a proper consideration of the evidence, the judgment will not be disturbed by the appellate court.

2. The statement of a fact in a motion for new trial is not self supporting.

3. Where the verdict contained in the record and the original verdict sent up in response to an order of the trial court to the appellate court for inspection are identical, with the exception that one word in the original verdict appears to have been written in a space where some word had previously been written and erased, but the verdict is in all respects sufficient in form and substance, and it is not made to appear by any proper proof that a change of the word was made, or if made when or under what circumstances it was done, or if changed, that it was inimical to the interest of the defendant,

no harmful error is made to appear, the presumption being that the proceeding was regular.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Affirmed.

*C. G. Daniel,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, C. J.—The plaintiff in error Isaac Smith and Ben Wilson were informed against in the Criminal Court of Record of Duval County charged in separate counts with breaking and entering a building with intent to steal property of the value of fifty dollars, and with larceny of property of the value of one hundred and sixty-seven dollars. Upon arraignment both defendants entered a plea of not guilty. The trial resulted in a verdict finding each of them guilty on both counts. To review the judgment imposing sentence of imprisonment in the State penitentiary at hard labor writ of error was taken from this court by Isaac Smith.

Two assignments of error are argued in the briefs. The first presents the question of whether the evidence is sufficient to sustain the verdict. There is in the record evidence of a confession by each of the defendants of the alleged offenses. When arraigned for preliminary hearing before a justice of the peace each of them entered a plea of guilty. Some of the stolen property was found in their possession and recovered. This with other evidence of the breaking and entry and the theft as alleged is ample to sustain the verdict. The jury believed the evidence offered on behalf of the State and rendered its verdict accordingly. The record contains nothing to indicate that the jury was in-

fluenced by anything other than a proper consideration of the evidence. So this assignment is not well taken. May v. State, — Fla. —, 103 South. Rep. 115; Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356; Collinsworth v. State, 82 Fla. 291, 89 South. Rep. 802.

One of the grounds of the motion for new trial which was overruled, and the ruling assigned as error, is in substance, that the verdict returned by the jury was, upon instructions from the court, changed by the jury before it was received by the court and filed. This constitutes the second ground upon which plaintiff in error seeks a reversal of the judgment. We reproduce the verdict as it appears in the record. It is as follows: "Jacksonville, Fla., June 30th, 1925. We the jury find the defendant guilty on both counts as charged in the information. J. E. Byrnes, Foreman." The original verdict sent to this court in response to an order of the trial court is precisely the same as the verdict contained in the record. It does appear from an inspection of the original verdict that the word "charged" is written over some other word which had been erased. What word was erased, or when or under what circumstances, is not shown. The verdict is sufficient in form and substance, and it has been repeatedly held that a statement of fact in a motion for new trial is not self-supporting. Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; Gray v. State, 42 Fla. 174, 28 South. Rep. 53. No other question is presented.

Neither assignment relied on can be sustained, so the judgment will be affirmed.

Affirmed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.