**CARL BURNS, JAMES L. BURNS and BOBBY BURNS, v. STATE OF FLORIDA.**

9 So. (2nd) 106                        Division B
June 30, 1942

Lanas Troxler, for appellants.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

On July 5, 1941, Carl Burns, James L. Burns and Bobby Burns were by the State Attorney of the Fifth Judicial Circuit in and for Marion County, Florida, informed against for the larceny of a steer, the property of V. L. Hastings and Mrs. W. S. Hastings, in Marion County on June 10, 1941. They were arraigned and each entered a plea of not guilty, placed upon trial and each by a jury found guilty as charged. A motion for a new trial was made and by the lower court denied, when Carl Burns and James L. Burns were each sentenced by the trial court to serve two years in the State Prison at hard labor, while a sentence by the court as to Bobby Burns was continued from day to day and term to term until finally disposed of. An appeal from the aforesaid judgments has been perfected to this Court.

In the motion presented for a new trial it was made to appear that a witness by the name of Fred Tomp-

kins was adduced and gave testimony as to the general reputation of the defendants below in the community in which each had lived or had previously resided. On cross examination the Assistant State Attorney, over the apparent objection of counsel for appellants, propounded to the witness, Fred Tompkins, two certain questions and it is contended that this was error. The questions are viz:

"1. Did you know that the defendant, Carl Burns, has an information filed against him, charging him with larceny of hogs belonging to Hugh C. Teuton?"

"2. Did you know the defendant, Carl Burns, and L. J. Hall, Jr., have an information filed against them charging them with larceny of hogs and altering mark of hogs, belonging to Hugh C. Teuton?"

Another ground of the motion for a new trial is the alleged misconduct of the Assistant State Attorney during the progress of the trial of the case and while addressing the jury in behalf of the State of Florida, when the said prosecuting officer stated to the jury that it was his belief that the defendants were each guilty of the said offense as charged in the information. It is contended that the argument of the Assistant State Attorney was harmful, prejudicial and an invasion of the constitutional rights of the appellants. The record certified to this Court shows a motion for new trial, but the motion appears not to have been sworn to; neither were affidavits offered in support of the facts made a part thereof, nor was testimony adduced in the lower court by the movant for the purpose of establishing the matter *in pais*. We are confronted with a serious question at the threshold of the consideration of these several contentions.

Sub-section (e) of Section 242 of the Criminal Code (Chapter 19554, Acts of 1939, Laws of Florida) provides that the misconduct of the prosecuting attorney shall be a ground for a new trial and it shall be duty of the trial court to grant a new trial when it is established that substantial rights of the defendant have been prejudiced. We have in recent cases considered alleged improper remarks of prosecuting officers. The entire proceedings in each case was certified to in the bill of exceptions. See Blanco v. State, opinion filed March 17, 1942, not yet reported; Smith and Chancey v. State, 147 Fla. 191, 3 So. (2nd) 516; Goddard v. State, 143 Fla. 28, 196 So. 596. The bare and unsupported motion for a new trial not accompanied by any affidavits or evidence in support thereof precludes this Court from considering the merits of the contention here presented. See Houlst v. State, 123 Fla. 315, 166 So. 828; Smith v. State, 90 Fla. 555, 106 So. 415; Blocker v. State, 90 Fla. 136, 105 So. 316; Lindsey v. State, 69 Fla. 641, 68 So. 932; Smith v. State, 57 Fla. 24, 48 So. 744; Gray v. State, 42 Fla. 174, 28 So. 53; Lambright v. State, 34 Fla. 564, 16 So. 582.

The contention that the two questions set forth in the motion for a new trial propounded on cross examination to the witness, Fred Tompkins, over the timely objection of counsel for the defendants below, were improper and prejudicial to the appellants cannot be considered on the record or ruled upon by this Court in this case. Matters in pais must be clearly established so as to conform to the rules applicable thereto and the several decisions of this Court. See Smith v. State, 90 Fla. 555, 106 So. 415, and similar cases cited.

We fail to find error in the record.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.