TERRELL, Justice.
September 12, 1952, a sworn complaint was made before a Justice of the Peace in Hillsborough County, charging petitioner with the offense of vagrancy in violation of section 856.02, Florida Statutes 1951, F.S.A. September 23, 1951, at a preliminary hearing the complaint was amended to charge petitioner with being a “common gambler” in 'violation of the same statute. The evidence taken resulted in petitioner being bound for appearance at the next term of the Criminal Court of Record on a $500 bond.
*59 Habeas, corpus was instituted in this Court to determine whether or not the evidence produced at the preliminary hearing was sufficient to hold petitioner for trial as a “common gambler” in the Criminal Court of Record. No other question is presented.
It is admitted that the only evidence produced in support of the charge is that petitioner had applied for and secured a Federal Occupational Tax Wagering Stamp in compliance with Chapter 27 A, subchapter B, § 3290, 26 U.S.C.A., Part 8, Federal Revenue Act óf 1951. The point with which we are concerned is whether or not the mere fact that one holds a Federal Occupational Tax Wagering Stamp is sufficient, without more, to show that he is a “common gambler” in violation of section 856.02, Florida Statutes 1951 F.S.A.
The Federal Occupational Tax Wagering Stamp is required of wagerers who are defined in the Act as follows:
“(1) The term ‘wager’ means (A) any wager with respect to a sports event or a contest placed with a person engaged in the business of accepting such wagers, (B) any wager placed in a wagering pool with respect to a sports event or a contest, if such pool is conducted for profit, and (C) any wager placed in a lottery conducted for profit.” 26 U.S.C.A. § 3285.
Other parts of the said act impose an excise tax of ten per cent on the wagers accepted, defines those liable for the tax and requires them to register with the collector of the district, giving their place of residence. The holder is required to exhibit the stamp in his place of business, and it exempts him from penalty under Federal law for engaging in the business for which it was secured. It does not prohibit the State from imposing a state tax for the same purpose nor does it make the holder prima facie guilty of violating any law.
Section 856.02, when read with section 856.03, Florida Statutes 1951, F.S.A., shows conclusively that it was intended to cover and punish the different classes of vagrants named in the act or known to the law at the time it was enacted. It seems to me that the Federal Occupational Tax Wagering Stamp Act was intended to impose an excise tax on and punish an entirely different class of gamblers.
Nothing in the Federal Occupational Tax Wagering Stamp Law points to vagrants or “common gamblers”, better described as shanty gamblers, who operate on a penny ante economy or less, but even if it could be said to apply to common gamblers or vagrants, we do not think the mere fact that one holds such a stamp would be sufficient, standing alone, to convict him of being a common gambler or vagrant. I think he must be charged with and convicted of the act. The trial judge admitted that the evidence in this case was. not sufficient unless the fact of holding a wagering stamp would convict. This case arose prior to the passage of the Wagering Stamp Act, Chapter 28057, and we are not concerned with nor do we express any opinion as to its effect.
The petitioner is accordingly discharged.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.