84 So.2d 709 (1955)
Clyde Albert ROWE, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
May 20, 1955.
On Rehearing January 18, 1956.
Sam E. Murrell, Sam E. Murrell, Jr., and Robert G. Murrell, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and George E. Owen, Asst. Atty. Gen., for appellee.
On Rehearing en Banc, January 18, 1956.
SEBRING, Justice.
The appeal is from a judgment and sentence for a violation of the lottery laws.
The appellant, who was the defendant below, was charged in a four-count information with violating the lottery laws of the state. The first and second counts charged, in effect, that the appellant was unlawfully interested in and connected with a lottery by reason of the fact that he had purchased, and held in his possession, a gambling stamp from the federal government. The third count charged that the appellant "did unlawfully set up, promote and conduct a certain lottery and lotteries for money." The fourth count charged that the appellant "did unlawfully aid and assist in the setting up, promoting and conducting of a certain lottery and lotteries for money."
At the trial of the cause the jury found the defendant guilty on the first and third counts of the information. The trial court adjudged the defendant to be guilty on *710 both counts but sentenced him only on the third count, to one year at hard labor.
On this appeal the appellant contends that count one of the information did not charge a criminal offense; and with this contention we agree. Aside from the fact that the act charged in count one of the information was committed prior to the effective date of the Florida Wagering Stamp Act, Chapter 28057, Laws of Florida 1953, F.S.A. § 849.051, and therefore could not have been in violation of its terms, Rodriguez v. Culbreath, Fla., 66 So.2d 58, it is held, in Jefferson v. Sweat, Fla., 76 So.2d 494, with reference to the act, that inasmuch as sections 1 and 3 thereof, when construed together, "attempt to make the mere possession of the [federal gambling] stamp prima facie evidence of the violation of the gambling laws and sufficient evidence to convict without any proof whatsoever that any gambling law has been violated, [the act] is unconstitutional, null and void." It follows from this that the judgment, so far as it is based on the first count of the information, was erroneously entered and must be set aside.
We have considered all assignments of error directed to the judgment and sentence on the third count of the information and are of the opinion that the appellant has failed to make reversible error appear.
Accordingly, the judgment appealed from should be reversed as to the first count of the information and the judgment and sentence as to the third count should be affirmed.
It is so ordered.
DREW, C.J., TERRELL, J., and FLOYD, Associate Justice, concur.

On Rehearing Granted
FLOYD, Associate Justice.
We are of the opinion that we overlooked a prime point in this Appeal on original consideration. With that portion of the original Opinion of Mr. Justice SEBRING, referring to the first count we still concur. Rehearing was granted on the sole question of whether the State had carried the burden of proving the corpus delicti under the third count of the Information.
The third count charged the defendant did unlawfully set up, promote and conduct a lottery or lotteries for money in Orange County, Florida, on the 30th day of October, 1951, and between that date and the date of filing the Information (October 29, 1953). This count was framed to charge a violation of Section 849.09(1) (a), F.S.A.
The defendant objected to the introduction of his alleged confession on the principal ground that the State had not established the corpus delicti so as to render the alleged confession admissible. The trial court overruled this objection, and the alleged confession was admitted in evidence.
An examination of the evidence upon which the State relied to establish the corpus delicti reflects the following.
The State's first witness was a "wagering tax specialist" employed in the office of the Director of Internal Revenue. He testified in substance that he had mailed a wagering tax form to a person by the same name as the defendant, and had subsequently processed the executed form and saw to it that the tax paid was in conformity with the Federal laws after a stamp had been issued to defendant. There were objections made to the admissibility of his testimony in view of the fact that he could not testify that the defendant was the same person who had executed the forms, but this is not material here. We will assume, for the purposes of this Opinion, that it was the same person. Sufficeth to say, the defendant complied with the Federal Wagering Stamp Tax Act, Internal Revenue Code, Section 3285 et seq., 26 U.S.C.A.
The other State witnesses testified about the defendant's handwriting to identify him with that appearing on the application form and checks payable to the Federal Government pursuant to the Revenue Code, supra. This, too, is not material to this Opinion in view of the above assumption.
*711 A Deputy Sheriff then testified that he was familiar with Cuba and Bolita lotteries and described the method by which one played them, the odds they paid and that they were played for money. He was not asked, nor did he testify, whether there were violations of the lottery laws in Orange County during the pertinent period mentioned in the Information. This, then, brings us to the only point to decide in this Appeal  whether the corpus delicti was established sufficiently on which to predicate the introduction of the alleged confession. We are constrained to answer this question in the negative.
This State is committed to the doctrine that the corpus delicti may be established by circumstantial evidence as well as by direct evidence. Nichels v. State, 90 Fla. 659, 106 So. 479. Also, that it need not be established beyond and to the exclusion of a reasonable doubt, but only prima facie. But there must be sufficient evidence to establish it directly, or at least from which a reasonable inference may be drawn that the violation had occurred.
Section 3285 et seq., 26 U.S.CA. levies a tax on each person who is engaged in receiving wagers. In Florida this applies to bookmaking and lotteries for profit. The defendant is specifically charged with a violation concerning a lottery. Nothing in the testimony of the predicating witnesses points to a violation of the lottery section under which the defendant was charged, but the most that can be said or inferred from the testimony is that the defendant must have been engaged in some form of wagering in view of the fact that the tax was paid. To establish a prima facie showing sufficient for the corpus delicti, it would be unreasonable to attempt to show that some form of crime was committed and then attempt to infer that since some form of crime took place, the specific crime charged was also committed.
"It is well established that the basis of presumption must be a fact and that one presumption cannot be the basis of another presumption. * * * The fact that a crime has been committed, or corpus delicti, cannot be established by a presumption." Jefferson v. Sweat, Fla., 76 So.2d 494, text, page 499.
Continuing in the Jefferson v. Sweat case, supra, this Court said:
"Even before a confession or admission of guilt can be introduced in evidence there must be some proof that the crime charged has been committed." (Emphasis supplied.)
In this case, the crime charged was a violation of the lottery laws of Florida. From the evidence introduced prior to the alleged confession, there could just as easily be inferred a violation of the bookmaking laws. The payment of the tax by the defendant does not establish, even prima facie, the operation of a lottery. This, coupled with the absence of any direct testimony that there had even been lottery operations in Orange County, makes the State's case fall short of establishing the corpus delicti, a prerequisite to the admission of the alleged confession of the defendant.
We, therefore, reverse and remand this cause for a new trial on the third count of the Information only.
DREW, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
SEBRING and THORNAL, JJ., adhere to original opinion.
THORNAL, Justice (adhering to original opinion).
I adhere to original opinion of SEBRING, J. "Wagering" could be bolita or bookmaking but it must be one or the other. I think this was sufficient proof of corpus delicti to admit confession.