ROBERTS, Justice.
Appellant was charged with and found guilty of the offense of being unlawfully interested in or connected with a lottery by receiving or keeping records of the sales of chances on a lottery and receiving and taking into his possession money for chances sold upon said lottery, as denounced by Section 849.09(1) (e), Fla.Stat.19SS, F. S.A. His motion for new trial was denied, judgment was entered, and this appeal followed.
In support of the charge, the State placed in evidence several pads of tickets and packets of money found in the appellant’s possession upon a search, under a search warrant, of appellant’s car. The testimony of a deputy sheriff established that the pads of tickets were books of Bolita tickets. The State then introduced evidence of the appellant’s confession of guilt.
The appellant contends here that, since no witness testified as to whether there were violations of the lottery laws in Broward County during the pertinent period mentioned in the information, the State failed to establish the corpus delicti as a predicate for the introduction of the appellant’s confession, and relies on Rowe v. State, Fla.1956, 84 So.2d 709, in support of his contention that this was reversible error. This contention cannot be sustained.
In the Rowe case, the only evidence of illegal lottery operations, aside from the defendant’s 'confession, was the defendant’s possession of a federal wagering stamp, and this court held that the possession of a federal wagering stamp was not so unequivocal as to show, even prima facie, the violation of the lottery laws charged against defendant (unlawfully setting up, promoting and conducting a lottery). In the instant case, as noted, the State introduced seller’s Bolita tickets and pads, plus separate packets of money, reflecting amounts wagered with the appellant. This was sufficient to make out a prima facie case of the illegal lottery activities charged against the appellant. Cf. Fletcher v. State, Fla.1953, 65 So.2d 845.
*621 The other questions presented have been considered, and no reversible error has been found.
The State made out a prima facie case against the appellant, he confessed his guilt, and no reversible error has been made to appear. So the judgment appealed from should be and it is hereby
Affirmed.
DREW, C. J'., and THOMAS and O’CONNELL, JJ., concur.