312 So.2d 243 (1975)
Richard M. ROBBINS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-712.
District Court of Appeal of Florida, Second District.
April 23, 1975.
Rehearing Denied May 28, 1975.
*244 Sondra Goldenfarb of Donahey & Furnell, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The appellant, Richard M. Robbins, was indicted for murder in the first degree. He pled not guilty and, after jury trial, was convicted of manslaughter. He was sentenced to serve six months to fifteen years in the state penitentiary. Appellant filed this timely appeal.
Appellant raises the following points for our consideration:
1. That his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States were violated in that he could not assist his counsel in the preparation of his defense because of amnesia.
2. That the trial court erred in admitting into evidence the state's exhibits 6 and 7, the waiver of his rights under the Miranda decision and his extrajudicial statements prior to the proof of the corpus delicti.
3. That the trial court erred in failing to grant appellant's motion for directed judgment of acquittal, notwithstanding the *245 fact that he was convicted of manslaughter, where not every essential element of the offense of first-degree murder, with which he was charged, is proved.
Before undertaking a discussion of every point raised by appellant, we deem it advisable to set forth the pertinent facts, which are as follows:
The victim, appellant's girl friend, was found by the police officer lying in a parking lot dead of a gunshot wound in the head. The appellant, a deputy sheriff, was discovered lying next to the decedent, unconscious, with gunshot wounds in his head. The appellant's service revolver (he was off duty at the time of the incident and, we point out, he was authorized to carry this weapon) was found between him and the decedent. It appears from the record that the appellant was lying face down on the pavement with his hand outstretched upon or touching his weapon.
Appellant and decedent had apparently been dating each other, but prior to this unfortunate incident this association had been terminated at the request of the decedent. As the drama unfolds, the decedent had dated another man on the night in question who lived in the Briar Hill Apartments. It is not clear in the record as to how the appellant learned of this fact. Suffice it to mention that earlier in the evening he had parked his automobile in the parking lot adjacent to the apartment complex, that he had been sitting on the grass or hiding in the bushes, drinking a bottle of Scotch, and awaiting the return of the decedent and her date. Upon their arrival the appellant confronted the decedent and an argument between them followed. Whereupon, the decedent got into her automobile and drove away. The appellant and the decedent's date then went to the latter's apartment for a drink. Thereafter the decedent returned to the apartment. Following her return, a friend of the decedent and her date joined the group. The decedent and the appellant engaged in another argument. Thereupon, the decedent left the apartment followed by the appellant. Shortly thereafter, according to the testimony of the witnesses, four shots were heard. The police were summoned to the scene and immediately commenced their investigation.
The appellant was taken to the hospital in an ambulance in the company of an attendant and an off duty policeman. The attendant testified that appellant, on the way to the hospital, told him that he had shot the victim and shot himself three times and wondered why he was not dead. The attendant further testified that he inquired of appellant as to why he shot her to which appellant replied that he did not know.
Appellant's point one, briefly stated, is that because he suffered from amnesia concerning the events that occurred at the time of the homicide he was unable to properly assist in his own defense and, therefore, was incompetent to stand trial. We cannot agree.
The appellant took the witness stand and testified in his own behalf that he had been drinking all that day. Further, his alcoholic content disclosed by test taken at the hospital was.17. He testified that he remembered the events up to and subsequent to the shooting, but that he could not remember the actual shooting. The appellant was the only witness who testified for the defense. His claim of amnesia was uncorroborated and unsubstantiated at trial. He did not choose to call an expert witness to testify concerning the nature and extent of his claimed inability to recollect the circumstances surrounding the shooting. Additionally, we point out, the appellant did not claim the defense of insanity. Although the defendant's ability to recall events so that he can assist counsel is important, the amnesia of a defendant does not, per se, render him incapable of standing trial or of receiving a fair trial. See 46 A.L.R.3d 544, § 4. Amnesia, in and of itself, is not a per se deprivation of due process. United States v. Borum, 10th Cir.1972, 464 F.2d 896.
*246 We have carefully reviewed appellant's second point and, in light of established case law in this state, find it to be without merit. The state, in our judgment, proved by substantial competent evidence adduced at the trial the elements recognized as essential to prove the corpus delicti in the case sub judice. In Sims v. State, Fla.App.2d, 1966, 184 So.2d 217, this court held:
The three elements which Florida courts recognize as essential to proof of the corpus delicti in a homicide case are: 1) the fact of death; 2) the criminal agency of another person as the cause of death; and 3) the identity of the deceased. Hulst v. State, 1936, 123 Fla. 315, 166 So. 828; Lee v. State, 1928, 96 Fla. 59, 117 So. 699; Jefferson v. State, Fla. 1961, 128 So.2d 132... . (184 So.2d 217, page 221).
Notwithstanding the contention of appellant as to point three, we find that the testimony adduced at trial by the state's witnesses, including the voluntary statements made by appellant after the incident took place as mentioned herein, and the additional evidence offered at trial, but not thought necessary to set forth, the state had sufficient cause to charge, and the appellant was properly charged, with the crime of murder in the first degree. The trial court, at the end of the case, instructed the jury on the degrees of homicide and the lesser offense of manslaughter. The jury found appellant guilty of manslaughter.
Appellant additionally asserts that the trial court committed reversible error in not granting his request for a self-defense instruction. As we read the record, self-defense was not an issue in the case. A defendant who relies on self-defense has the burden of producing or going forward with the evidence. Bolin v. State, Fla.App.3d, 1974, 297 So.2d 317. Nevertheless, the trial court gave the appellant the benefit of that defense when the jury was instructed:
A homicide committed in self defense  that is, in the defense of the life of the accused or to protect his person from imminent danger of death or great bodily harm  is a justifiable homicide, and lawful.
The appellant relies strongly on the cases of Stinson v. State, Fla.App.1st, 1971, 245 So.2d 688 and Raneri v. State, Fla.App. 1st, 1971, 255 So.2d 291. These cases are clearly distinguishable on facts. In light of the record, we find that the appellant was not over-charged and we cannot impugn the verdict of the jury as being a compromise.
Accordingly, the judgment and sentence are
Affirmed.
HOBSON, A.C.J., and GRIMES, J., concur.