325 So.2d 80 (1976)
George W. DRYSDALE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 74-548.
District Court of Appeal of Florida, Fourth District.
January 16, 1976.
*81 Richard L. Jorandby, Public Defender, Leon St. John and Elliot R. Brooks, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Dispositive of this appeal is our conclusion that the State failed to establish the corpus delicti of the crime charged, second degree murder, independently of the defendant's inculpatory extra-judicial statements.
Appellant was charged with the shooting death of one Debra Crawford. He and Miss Crawford, engaged to be married, were living together at the time of the incident in the home of a Mr. Melvin Huntley. At about 1:00 a.m. on September 23, 1973, Huntley heard a shot while he was watching television in the living room. Appellant came running out of the bedroom into which he and Miss Crawford had earlier retired, went directly to the telephone and called the police for emergency assistance. Appellant stated on the phone that decedent had been shot when she reached under the bed for a gun. The gun was one of three owned by appellant, who was employed as a security guard. Both appellant and the decedent were familiar with guns and had, in fact, been target shooting that day. Huntley did not hear any screams or arguing prior to hearing the gun shot. When the police arrived appellant cooperated with them fully and agreed to accompany them to the police station in order to make a statement.
Through various expert and police witnesses, the prosecution also established that Miss Crawford's body was found lying face down across two beds which were drawn together; that her death was instantaneously caused by a gun-shot wound in the chest, inflicted at close range; that the bullet, which was never recovered, entered at a 45° angle and was discharged from a .44 magnum pistol; that the pistol, if half cocked, required 30 pounds of trigger pressure, and, if fully cocked, 3 to 3 1/4 pounds to discharge; that laboratory tests failed to identify any specific fingerprints on the gun; and that a swab test taken of appellant's hands to determine if he had recently fired a gun was inconclusive.
The trial court, overruling appellant's motion to suppress and his objection that the State had failed to establish the corpus *82 delicti as a necessary predicate, admitted evidence of appellant's extra-judicial statements. In his first statement to the police on the morning of September 23, appellant related that he and the decedent had gone into the bedroom, talked for a while, and then decided to go to sleep. The decedent reminded appellant to put his gun, a .44 magnum pistol, which was under the bed, under the pillow as he usually did; appellant reached under the bed for the gun and in putting it under the pillow, it went off. However, after about an hour of interrogation, appellant began "rambling;" he became very upset, started crying violently, and began asking for his brother. The officers ceased transcribing his statement but continued to question him. At this point, appellant gave a different version of the shooting: he stated that he became upset when the decedent began talking about her family, that she got off the bed, appellant went blank, and remembered only the explosion and flash of the gun.
At trial, after unsuccessfully moving for a judgment of acquittal at the close of the State's case, the appellant took the stand in his own behalf and testified to the facts essentially as given in the first of his two extra-judicial statements, except that, this time, he stated that both he and Miss Crawford reached for the gun and that he did not know whose hand was on the gun when it discharged. The jury found appellant guilty as charged and he was sentenced to ten-years' imprisonment.
There are two separate proof burdens upon the State with respect to the corpus delicti. Jefferson v. State, 128 So.2d 132 (Fla. 1961): (1) at the conclusion of all of the evidence in any criminal case, the State must have established the elements of the corpus delicti of the crime charged beyond a reasonable doubt. Jefferson v. State, supra; Hulst v. State, 123 Fla. 315, 166 So. 828 (1936); Lee v. State, 96 Fla. 59, 117 So. 699 (1928); (2) in those cases in which the satisfaction of this ultimate burden relies upon an admission or confession by the defendant, the State is required to establish the elements of the corpus delicti by some independent proof before such admission or confession may be considered by the jury. Schneble v. State, 201 So.2d 881 (Fla. 1967); Jefferson v. State, supra; Rowe v. State, 84 So.2d 709 (Fla. 1956); Adams v. State, 153 Fla. 68, 13 So.2d 610 (1943); Keir v. State, 152 Fla. 389, 11 So.2d 886 (1943); Parrish v. State, 90 Fla. 25, 105 So. 130 (1925); Robbins v. State, 312 So.2d 243 (Fla.App.2nd 1975); Hester v. State, 310 So.2d 455 (Fla.App.2nd 1975); Sciortino v. State, 115 So.2d 93 (Fla.App.2nd 1959); 3 Wharton, Criminal Evidence, § 691 (13th ed. 1973).
Exactly what quantum of independent proof is required to meet this latter corpus delicti proof burden before an extra-judicial confession may be admitted into evidence is a troublesome question. The burden varies from jurisdiction to jurisdiction and anywhere from "slight" to "clear and convincing" proof may be required. See, Annot., 45 A.L.R.2d 1316 (1956). The Florida courts have not been consistent among themselves in defining the requisite quantum of proof with the result that at least three different standards have been articulated: "At least some prima facie proof," McElveen v. State, 72 So.2d 785 (Fla. 1954); Keir v. State, supra; "some additional substantial evidence," Tucker v. State, 64 Fla. 518, 59 So. 941 (1912); LaSalle v. State, 187 So.2d 407 (Fla.App. 3rd 1966); or evidence which "tends to show" the elements of the corpus delicti, Schnebel v. State, supra; Schneider v. State, 152 So.2d 731 (Fla. 1963); Jefferson v. State, supra; have been standards variously cited and applied. Because we conclude that here the State's evidence failed to satisfy even the most minimal of these burdens, in that the State failed to produce any evidence to establish an essential element of the corpus delicti of a homicide, we need not attempt to reconcile or choose from among these standards.
Three elements must be proved in order to establish the corpus delicti in a *83 homicide case: (1) the fact of death; (2) the criminal agency of another person as a cause thereof; and (3) the identity of the decedent. Schneider v. State, supra; Jefferson v. State, supra; Hulst v. State, supra; Lee v. State, supra. We are not concerned here with the State's proofs as to the first and third elements, which we deem sufficient, but we think that the State fell short of its burden in proving the second element  that Miss Crawford died as a result of the criminal agency of another.
"Evidence of `criminal agency of another,' as that phrase applies in connection with corpus delicti in homicide cases, means evidence that tends to show that the deceased died, not as the result of natural or accidental causes, or by his own hand, but by the hand of another under such circumstances that the killing would amount to homicide in any of its degrees." (e.s.) Jefferson v. State, supra, at 135-6.
The State's independent evidence in this case not only utterly failed to support the thesis that the deceased died "by the hand of another" but actually tended to negative this thesis, the evidence pertaining to the initial report of the incident to the police reflecting that the decedent had indeed died by her own hand. Reviewing the evidence most favorably to the State, we find a complete dearth of either direct or circumstantial evidence to show that the fatal shot was caused by appellant,[1] rather than the decedent. Other than appellant, there were no eye-witnesses to the event; there was no evidence of any motive which might implicate appellant; and, finally, there was no physical evidence which was consistent with appellant's, rather than decedent's, having pulled the trigger. Accordingly, it was error for the trial court to admit into evidence appellant's extra-judicial statements. With such statements properly excluded, the corpus delicti was not established and appellant was entitled to a judgment of acquittal at the close of the State's case.
Because of our disposition of the case on this ground, it is unnecessary for us to reach the issue of the propriety of the trial court's denial of appellant's motion to suppress these statements as having been involuntarily made.
The judgment is reversed and the cause remanded with instructions to discharge appellant.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] We recognize that it is not necessary to the establishment of the corpus delicti to prove that the criminal agency was that of the particular defendant charged with the act, Daughtry v. State, 65 Fla. 415, 62 So. 345 (1913); 3 Wharton, Criminal Evidence § 691 (13th ed. 1973), however, in the instant case, as there were only two people in the room in which the death occurred  appellant and the decedent  in order to establish the corpus delicti, the State necessarily would have had to establish that it was appellant who caused Miss Crawford's death.