BARRY, Judge.
Bill Roberts, Inc., an electrical contractor, appeals the dismissal of its suit resulting from the rejection of its bid on a public contract.
On November 17, 1980 the City of New Orleans invited bids for the modernization of numerous traffic signals. The City reserved the right to reject any and all bids as authorized by La.R.S. 38:2214. On December 17, 1980 bids were opened and Georgia Electric Co., Inc. submitted the low bid of $1,638,088.00 with Roberts offering a second low bid of $1,883,395.90. Georgia Electric’s bid bond was not submitted on the form required by Section 102.09 of the Louisiana Standard Specifications for Roads and Bridges as specified by the instructions.
The City rejected all bids because of its uncertainty that Georgia Electric’s bond met the bid requirements, and also because it anticipated litigation if it accepted either bid from Georgia Electric or Roberts. The City readvertised on January 26, 1981 and cautioned bidders to utilize the correct bond form.
On February 19, 1981 Roberts sued the City seeking an award of the contract as the lowest responsible bidder. Neither a temporary restraining order nor a preliminary injunction was requested, so the City tabulated the bids on February 25, 1981. A third contractor was the low bidder and was awarded the contract. In April Roberts’ suit was dismissed as moot and for failing to state a cause of action.
In September, 1981 Roberts filed a second suit based on the original allegations and asked for $492,768.00 representing lost profits from the job. Judgment was rendered in favor of the City.
Roberts argues the City was required to notify Georgia Electric of its disqualification and then award it the contract rather than reject all bids and readvertise with the same specifications.
The City responds that R.S. 38:2214 provides that a public body may reject any and all bids for just cause. The purpose of public contracts law is to protect the public against favoritism and exorbitant prices. D.J. Talley and Son, Inc. v. City of New Orleans, 303 So.2d 195 (La.App. 4th Cir.1974).
Roberts counters that its bid was not exorbitant since it was $400,000.00 less than the City’s estimated cost of the job. It claims that rejection of all bids and immediate readvertisement of the same package constitutes favoritism allowing Georgia Electric and other bidders a “second bite at the apple.”
Roberts submits the court should follow Gibbs Construction Co., Inc. v. Board of Supervisors of Louisiana State University, 447 So.2d 90 (La.App. 4th Cir.1984) where the lowest bidder was not responsive to the specifications, thus the contract was awarded to the next lowest bidder. Gibbs does not apply because the Board could have rejected all bids and readvertised the project if it felt that the discrepancy between the lowest non-responsive bid and the lowest responsible bid was of enough significance to warrant rebidding. The decision does not explain why the project was not re-bid.
The public bid system aims to secure responsible performance of contracts at the lowest possible cost. The difference between Georgia Electric’s and Roberts’ bids was approximately $250,000.00. Both bids were well below the estimated cost of $2,287,538.00 and it was apparent the work *990 could be completed for much less than estimated, probably below Roberts’ bid. Both contractors were given the opportunity and did submit a new bid.
Roberts’ argues that by waiting more than thirty days to reject all bids, R.S. 38:2215[1], the City lost the ability to do so and it should have been selected. R.S. 38:2215 clearly states that the thirty day period is the limit within which the governing authority must accept the lowest responsible bid or reject all bids. Donahue v. Board of Levee Commissioners of the Orleans Levee District, 413 So.2d 488 (La.1982). Therefore, if the City does not award a contract within that time frame it must reject all bids. The City complied and dismissed all bids.
The judgment is affirmed.
AFFIRMED.

. R.S. 38:2215 (A) provides in part:
The public entity upon receipt of bids for the undertaking of any public construction contract, shall act within thirty calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids.