532 So.2d 1129 (1988)
Cara McINTOSH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0009.
District Court of Appeal of Florida, Fourth District.
October 26, 1988.
Rehearing Denied November 16, 1988.
Keith M. Krasnove, Coral Springs, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
TOBIN, DAVID L., Associate Judge.
Fifteen-year-old Cara McIntosh was charged with and convicted of first degree murder, kidnapping and robbery of her grandfather, Emmett Richardson. She raises four points on appeal, only two of which merit discussion.
The first involves the trial court's refusal to permit testimony concerning appellant's mother's domination and control over appellant *1130 as well as evidence of appellant's drug addiction. Appellant claims that by restricting her ability to attack the credibility of her confession, the trial court denied her an opportunity to be heard and present a complete defense. She relies primarily on Crane v. Kentucky, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986).
In Crane, a sixteen-year-old defendant sought to introduce evidence bearing on the physical and psychological environment which yielded his confession. The trial court ruled the testimony inadmissible. The United States Supreme Court, after acknowledging the deference due to state trial judges concerning evidentiary rulings and after recognizing the power of the States to establish and implement their own criminal trial rules and procedures, concluded that "the blanket exclusion of the proffered testimony about the circumstances of petitioner's confession deprived him of a fair trial." 476 U.S. at 690, 106 S.Ct. at 2146.
Crane also addressed the notion that the reliability of a confession may be challenged at trial even though a pretrial voluntariness determination has been made. Furthermore, "evidence about the manner in which the confession was secured will often be germane to its probative weight, a matter that is exclusively for the jury to assess." 476 U.S. at 688, 106 S.Ct. at 2145. Justice O'Connor noted the critical importance of presenting such testimony to a jury.
Indeed, stripped of the power to describe to the jury the circumstances that prompted his confession, the defendant is effectively disabled from answering the one question every rational juror needs answered: If the defendant is innocent, why did he previously admit his guilt? Accordingly, regardless of whether the defendant marshalled the same evidence earlier in support [sic] an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant's case may stand or fall on his ability to convince the jury that the manner in which the confession was obtained casts doubt on its credibility.
476 U.S. at 689, 106 S.Ct. at 2146.
Applying the above discussion to the present case, we conclude that appellant should have been permitted to introduce evidence concerning the circumstances surrounding her confession even though the trial court determined that the confession was made voluntarily. Testimony regarding appellant's mother's control and domination over appellant was a circumstance surrounding appellant's confession because her mother was being interrogated in a nearby police room and had told appellant to go along with whatever she said. During appellant's interrogation the police told her that her mother had said certain things and that if she agreed with them, she could go home. Furthermore, testimony concerning appellant's drug addiction was also a circumstance surrounding her confession because she was, during the confession, "jonesing" or coming down from a high which impaired her ability to withstand pressure. Appellant sought to challenge the reliability of her confession with this testimony and its exclusion deprived her of a meaningful opportunity to present a complete defense.
For the foregoing reasons, we remand to the lower court for a new trial. In so doing we find it advisable to address appellant's second point. Though having no bearing on this appeal it nonetheless merits discussion for the purpose of guiding the lower court in the new trial.
The trial court sub judice denied appellant's motion for judgment of acquittal which was premised on appellant's assertion that the state failed, separate and apart from appellant's confession, to prove a corpus delicti of either of the underlying felonies of kidnapping or robbery. Appellant contends that because the state proceeded on a felony murder theory it was necessary to first prove the elements of either kidnapping or robbery before her confession could be introduced.
The concept of corpus delicti "embraces the fact that a crime has been committed by someone ... without embracing the further *1131 fact (needed for conviction) that the defendant was the one who did or omitted that act or was otherwise responsible therefor." LaFave and Scott, Criminal Law, Ch. 1, § 1.4(b) (1986).
With regard to the level of proof, a prima facie showing of corpus delicti has generally been found to be sufficient to permit the introduction of a confession. See Buenoano v. State, 527 So.2d 194 (Fla. 1988); Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976). This showing is preferably done prior to the admission of the confession, however a subsequent prima facie showing will cure a premature admission. Hodges v. State, 176 So.2d 91 (Fla. 1965).
The state argues that the corpus delicti of homicide was established at trial and this permitted the introduction of appellant's confession. The state relies on this court's opinion in Fridovich v. State, 489 So.2d 143 (Fla. 4th DCA), rev. denied, 500 So.2d 545 (Fla. 1986), where the appellant was charged with the first degree murder of his father and convicted of manslaughter. "The corpus delicti of a homicide consists of the fact of death, the identity of the victim, and the criminal agency of another. Drysdale v. State, 325 So.2d 80, 82-83 (Fla. 4th DCA 1976). The corpus delicti may be established by direct or circumstantial evidence. Bassett v. State, 449 So.2d 803, 807 (Fla. 1984)." Fridovich, 489 So.2d at 146.
Applying this principle to the case at bar shows that the state did indeed establish the corpus delicti of the homicide of appellant's grandfather. Sufficient evidence existed independent of appellant's confession permitting its introduction. However, appellant does not dispute that the corpus delicti of homicide was established. Appellant contends that since the state elected to proceed on a felony murder theory, the corpus delicti of either of the felonies had to be established and was not. We do not agree.
The state is not required to prove either intent or the elements of the underlying felony once there is sufficient proof of criminal agency, death, and identity of the victim in order to introduce a confession to first degree murder. See, e.g., Bassett v. State, 449 So.2d 803 (Fla. 1984); Schneider v. State, 152 So.2d 731 (Fla. 1963). Furthermore, the state is not required to show that appellant was the one committing the crime, nor is it necessary to prove the elements establishing corpus delicti beyond a reasonable doubt. See Buenoano; Fridovich. Accordingly, it was not necessary to rely on the defendant's in court admissions to uphold the admissibility of the confession.
Although we find the appellant's position as to the second issue without merit, we have discussed it for the purpose of guiding the lower court in the new trial which we have granted as a result of our analysis set forth in the first issue.
Remanded for a new trial.
GUNTHER and STONE, JJ., concur.