## CROSS v STATE OF FLORIDA
### Case No. 89-2523
Thirteenth Judicial Circuit, Hillsborough County
January 3, 1991

### APPEARANCES OF COUNSEL
**Daniel Kirkwood,** Assistant Public Defender, for appellant.
**Allison Leehan Allman,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

The Appellant was convicted of Driving Under the Influence by a

jury. The Appellant argues the conviction should be reversed because the trial court erred in admitting into evidence the Defendant's confession that she was the driver of the automobile, prior to proof of the corpus delicti of the offense of Driving Under the Influence. The trial court is hereby affirmed.

The evidence in the instant case was sufficient for the trial court to conclude that the state made a prima facie showing of a corpus delicti, the car was driven by somebody and the driver was under the influence of alcohol to the extent normal faculties were impaired, prior to the admission of the defendant's confession that she was the driver of the automobile.

However, even if the trial court had erred by allowing the defendant's confession that she was the driver of the car into evidence before the corpus delicti of the crime was proven, such error can be and was cured by the introduction of additional, independent evidence after the confession, which proves the corpus delicti. *Jones v State,* 360 So.2d 1293 (Fla. 3d DCA 1985), *McIntosh v State,* 532 So.2d 1129 (Fla. 4th DCA 1988). In the instant case, following the confession, the officer testified that the defendant performed sobriety tests after being told why she was being asked to do them. Additionally, the officer testified that when he got inside the car to move it, he had to move the seat back and that the witness, Huskamp, (who claimed to be the driver at trial), was at least his height or taller. Finally there was testimony, without objection, that at Central Breath Testing, the Defendant stated "I work three jobs. I get drunk once, just once a week and I get busted." Such evidence when combined with the evidence introduced by the state prior to the admission of the confession by the defendant that she was the driver cures any error that might have existed by the premature admission of the confession before proof of a corpus delicti.

The trial court is affirmed.

DONE and ORDERED in Hillsborough County, Florida, this 3rd day of January, 1991.