ON REHEARING
PER CURIAM.
liOn rehearing, plaintiff Rosenbush Claims Service argues strenuously that this court’s holding in HTW Transportation Co. v. New Orleans Aviation Board, 527 So.2d 339 (La.App. 4th Cir.), writ denied 532 So.2d 121, 532 So.2d 122, and 532 So.2d 1129 (La.1988) cited in this case for the proposition that the defendant City of New Orleans may reject all bids without citing any just cause, is incorrect.
After reconsideration, we reaffirm our holding both in the instant case and in HTW Transportation Co. The plaintiffs argument is based solely on its contention that the recent amendments to LSA-R.S. 38:2214(B), which now provides that a “public entity may reject any and all bids for just cause,” limit a public entity’s right to reject all bids to situations where the entity can articulate “just cause” for doing so. We disagree with this argument. Although the existence of “just cause” is obviously one reason for rejecting all bids, there is no indication that the amendments were intended to restrict a public entity’s right to reject all bids for other reasons.
This interpretation is supported by LSA-R.S. 38:2215(A), which, requires the public entity to act within 30 days of receipt of bids to either “award said contract to the lowest responsible bidder or reject all bids.” This court has previously interpreted this provision to require that the public entity reject all bids if it fails to award a contract within the 30-day [2period specified. Bill Roberts, Inc. v. City of New Orleans, 485 So.2d 988, 990 (La.App. 4th Cir.1986). This interpretation was made subsequent to the 1991 and *547 1992 amendments to LSA-R.S. 38:2214. The Louisiana Fifth Circuit Court of Appeal has also found that LSA-R.S. 38:2215 gives public entities the right to reject all bids without just cause, especially where the contract, as in this case, reserves the right to do so. See Thigpen Construction Co. v. Parish of Jefferson, 560 So.2d 947, 953 (La.App. 5th Cir.1990).
We note that in the instant case, the City of New Orleans rejected the two remaining qualified bidders some six. weeks after the bids were submitted. Since the City failed to award any contract within the 30-day period specified by LSA-R.S. 38:2215, the pertinent jurisprudence from this circuit mandated that the City do exactly what it did — that is, reject all bids. Thus, our reversal of the trial court judgment is correct for that reason also.
We have considered the cases from the Louisiana first and second circuit courts of appeal which interpret the 1991 and 1992 amendments to LSA-R.S. 38:2214(B) to require “just cause” to reject all bids. However, as pointed out by the opposition to the application for rehearing in this case, the second circuit case addresses that issue only in a footnote and then only in dicta. Terral Barge Line, Inc. v. Port Commission, 577 So.2d 787, 791 (La.App. 2d Cir.1991). We acknowledge that the first circuit case, Pittman Construction Co. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir.), writ denied 493 So.2d 1206 (La.1986) is directly contrary to the result reached by this court. Since we are not bound by the decisions of any of the other circuit courts, we decline to adapt our opinion to agree with Pittman Construction Co.
However, we do delete our order dismissing all of Rosenbush’s claims. Since we are only reversing a judgment granting a preliminary injunction, the case is remanded to the trial court for further proceedings.