ARTHUR DAUGHTRY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 6, 1913.

1. An extra judicial confession is admissible upon proof that the brand of an animal had been changed under circumstances indicating a fradulent intent.

2. Upon a trial for altering the brand of an animal, it is error to charge the conviction may fellow proof of altering either mark or brand.

Writ of error to the Circuit Court of DeSoto County.

Judgment reversed.

*J. W. Burton* and *W. D. Bell*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, for the State.

COCKRELL, J.—Arthur Daughtry was convicted under an indictment charging him with fraudulently altering the brand of an animal not his own.

An extra judicial confession was admitted over the objection that the *corpus delicti* had not been proven. The ruling was proper. There was evidence that the brand had been changed under circumstances indicating a

fradulent intent, and we do not consider the rule should be extended so as to require all the elements of the crime, including the personal participation of the accused, before the confession may be received. See 3 Wigmore's Evidence, Sec. 2072.

There is probably as much evidence tending to prove that the marks were changed as that the brand was changed, and the court therefore erred in charging the jury that if either was established, they might convict.

The fraudulent changing or altering the marks of an animal is a different felony, prescribed by Chapter 5663, Laws of 1907, with a different penalty, from the kindred felony of changing the brand, in the older act originally enacted in 1899, and now Section 3334 of the General Statutes of 1906.

The jurgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.