BARKDULL, Chief Judge.
By this appeal, the appellant questions the ■correctness of a conviction as an accessory after the fact under § 776.03, Fla.Stat, F.S.A., which reads as follows:
“Accessory after the fact — Whoever, ■not standing in the relation of husband ■or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the .offender any other aid, knowing that he 'has committed a felony or been accessory thereto before the fact, with in■tent that he shall avoid or escape detec■tion, arrest, trial or punishment, shall 'be deemed an accessory after the fact, .and be punished by imprisonment in the state prison not exceeding seven years, ■or in the county jail not exceeding one year, or by fine not exceeding one -.thousand dollars.”
The information filed in the instant cause charged the appellant with the violation thereof and averred the following relative to his relationship to the principal:
******
“ * * * that the said EDWARD PAUL BROOKS not then and there standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity to the said LARRY VINCENT GYSIN * * *
Upon this appeal, the appellant urges only one point of error in seeking a reversal of his conviction, to wit: that the State failed to prove that he was in fact “ * * * not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender * * * The State contends that this is a negative averment and it is not required to prove such as a prima facie case. See: State v. Miller, 182 Mo. 370, 81 S.W. 867; 153 A.L.R. pages 1250 and 1252 and cases cited therein. But, even if it is required to prove such, it met same by the evidence in this case which established that the appellant first met the principal several years prior to the crime in question. We concur with the State that it is not incumbent upon it to prove negative averments if, in fact, that is what the statute created. However, because of the peculiar wording of the statute involved, it appears that the lack of relationship between the party charged as an accessory after the fact to the principal is a material element of the crime which must be established. See: Orr v. State, 129 Fla. 398, 176 So. 510. Therefore, to establish a prima facie case, the material elements of the crime must be set forth in the information and proved by the State. See: Kennedy v. State, 140 Fla. 124, 191 So. 193; Kilbee v. State, Fla.1951, 53 So.2d 533; Broadnax v. State, Fla.1952, 57 So.2d 651.
Finding that it was incumbent upon the State to establish the lack of relation *787 ship, we now examine the evidence which the State contends established this lack of relationship. It appears that the evidence of only several years’ acquaintance of the appellant with the principal was sufficient to indicate lack of relationship which, standing unrefuted, would be acceptable as proof of the element of the statute and this would then require evidence from the defense similar to the evidence required when a defendant is charged with possession of recently stolen property. See: Fisk v. State, 138 Fla. 815, 190 So. 10; Hayward v. State, 152 Fla. 608, 12 So.2d 458; King v. State, 156 Fla. 817, 24 So.2d 573.
Therefore, we hold that [under the peculiar wording of the Florida Statute] to charge one as an accessory after the fact, it is incumbent upon the State to establish by its evidence that the defendant is not within the prohibited relationship outlined in the Statute, but that the State clearly met this burden in the instant case.
Therefore, for the reasons stated above, the conviction here under review is hereby affirmed.
Affirmed.