CARROLL, DONALD K., Acting Chief Judge.
In these consolidated appeals the appellants, who were convicted by the Circuit Court for Columbia County of the crime of unlawful attempt to commit a felony (larceny of an autombile) have appealed from their judgments of conviction and sentence.
The basic issue presented for our determination in this appeal is a two-way question: whether the trial evidence was (1) sufficient to support the jury verdict of guilty of the said crime or (2) sufficient to prove the corpus delicti so as to authorize the admission into evidence of the appellants’ extra-judicial confessions.
The appellants, Eugene Pickett and Freddie Kaiser; hereinafter referred to as Pickett and Kaiser respectively, or as the defendants when referred to jointly, were jointly charged and tried for the crime of unlawful attempt to commit a felony— larceny of an automobile. At the trial the jury returned a verdict against both of the defendants of guilty of the crime charged.
The evidence at the trial showed the following :
On the night in question the sheriff of Columbia County had in his possession and custody a 1963 Chevrolet automobile, taken in connection with the investigation of a crime unconnected with the case at bar. It was parked in front of the county jail to the right of the front door. At around 11 p. m., the county jailer testified, he was in the jail building and heard a car start. He stepped to the door and saw Pickett in the said automobile, sitting under the steering wheel, and “getting the car started.” The jailer pulled his gun, ordered Pickett to get out of the car, and put him under arrest. At that Pickett said that he had been told that the car belonged to a man named Ben Johnson and that someone had sent him to get the car. The jailer further testified that he had just entered the jail building with Pickett when Kaiser came to the door and asked the jailer whether he had Pickett inside and whether he could see him. Being answered in the affirmative to both questions, Kaiser came inside and sat down beside Pickett.
The county sheriff testified that Kaiser voluntarily made a statement to him that at the time when Pickett was in the said automobile, he, Kaiser, was squatted down back of a car parked beside the said automobile. There were other pre-trial admissions and statements made by both defendants while in custody in the presence of several law enforcement officers.
As to the extra-judicial statements made by the defendants: The sheriff testified that Pickett stated that he was hired by Ben Johnson from Jacksonville for $50 “to come over here and get the automobile * * * ” and that Kaiser and “another fellow” came with him. The sheriff further testified that Kaiser told him “practically the same thing” — that Johnson was going to pay him, Kaiser, $50 “to come over here and get the automobile. * * * ” and made the other statements mentioned above concerning his squatting down behind a nearby car when Pickett was in the automobile in question and concerning his, Kaiser’s carrying a .32 caliber pistol.
The trial court’s admission of the defendants’ extra-judicial statements during the trial is challenged by them in this appeal on the ground that such statements were inadmissible under the established rule that proof of the corpus delicti is a prerequisite to the introduction in evidence of an accused’s extra-judicial confession or admission. In the words of the Florida Supreme Court in Smith v. State, 135 Fla. 835, 186 So. 203 (1939): “An extra-judicial confession should not be admitted in evidence unless the corpus delicti is established by prima facie evidence independent of the extra-judicial confession.”
The critical point in this appeal, however, is the fact that in the trial of the in *205 stant case, while there was independent evidence that the crime charged was committed by someone, there was no independent evidence that Kaiser participated in the crime.
The jailer’s independent testimony did not link Kaiser with the commission of the said crime, but such linking in the proof of the corpus delicti is not necessary under the holding of the Supreme Court of Florida in Daughtry v. State, 65 Fla. 415, 62 So. 345 (1913) that the corpus delicti rule should not be “extended so as to require all the elements of the crime, including the personal participation of the accused, before the confession may be received.” To the same effect see the Supreme Court’s holding in McElveen v. State, 72 So.2d 785 (1954) that, under the corpus delicti rule, “[t]he commission by someone of the crime charged” need not be proved beyond a reasonable doubt but “it is enough if the evidence tends to show that the crime was committed.”
This Florida rule accords with the general rule as stated by Wharton in his “Criminal Law and Procedure,” Vol. 1, Sec. 66, page 144 (Anderson Ed., 1957): “The proof of the corpus delicti does not include proof as to the identity of the wrongdoer, nor proof that the defendant was the wrongdoer.”
Following the practice recognized in this jurisdiction [see our decision in Brown v. State, Fla.App., 181 So.2d 578 (1965)] the trial court in the case at bar conducted a hearing during the trial out of the presence of the jury to determine the volun-tariness vel non of the extra-judicial statements made by the defendants. At that hearing the sheriff testified that those statements were freely and voluntarily made by the defendants. At the hearing the defendants offered no testimony that their said statements were involuntarily given. At the conclusion of the hearing the trial court overruled the defendants’ objections to the admission of their extrajudicial statements into evidence. This ruling, in our judgment, was correct under both the corpus delicti rule and the rule requiring admissible confessions to have been voluntariiy given.
The other important point in this appeal is the question of the sufficiency of the trial evidence to support the jury’s verdict finding them guilty of the crime charged against them — attempt to commit a felony —larceny of the automobile.
An attempt to commit a crime was defined by the Supreme Court of Florida in Gustine v. State, 86 Fla. 24, 97 So. 207 (1923), as follows:
“What acts will constitute an ‘attempt’ to commit a crime is often difficult of determination. Of necessity, each case must be determined on its own facts. Generally, there must be an intent to commit a crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.”
If the defendants had carried out their intent to take the automobile which was in the lawful custody of the sheriff, was the latter’s possession sufficient for the defendants’ taking to constitute larceny? We think so, under the following rule quoted with apparent approval from 17 Ruling Case Law, Sec. 72, by the Supreme Court of Florida in Parker v. State, 75 Fla. 741, 78 So. 980, 2 A.L.R. 350 (1918) :
“The exact state of the title of stolen property is of no particular concern of the thief, except that it must have been in some one else; hence evidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee, trustee, or otherwise, having only a special interest and not a general ownership of the property. Therefore ownership is sufficiently proven where it is shown that the per *206 son alleged to be the owner had a special property in the stolen article, or that he held it in trust. As it is not necessary to show in detail the exact state of the title, general evidence of property is admissible, and is as sufficient in criminal as in civil cases.”
Other questions raised in this appeal have been considered and found to lack substantial merit.
Considering all of the evidence adduced at the trial, including the extra-judicial statements made by the defendants, we think that such evidence sufficiently supports the verdict returned by the jury as the trier of the facts.
Accordingly, for the foregoing reasons, the judgments appealed from herein must be and they are
Affirmed.
RAWLS and SPECTOR, JJ., concur.