McDONALD, PARKER LEE, Associate Judge.
The defendant appeals a judgment and sentence which was entered upon a jury verdict finding him guilty of buying and receiving and concealing stolen goods. (Section 811.16, Fla.Stat., F.S.A.)
The first point urged is that the state has failed to establish that the Church’s property was stolen. The defendant then urges that the admission of his confession was error since the state had failed to prove the corpus delicti because of the foregoing. A study of the record re *398 veals sufficient competent evidence to establish the ownership of the goods described in the information and the fact that they were recently stolen. See Guarino v. State, Fla.1953, 67 So.2d 650; Hunt v. State, Fla.App.1967, 200 So.2d 212; Duval v. State, Fla.App.1966, 190 So.2d 613. The corpus delicti was satisfactorily shown to allow the admission of the confession.
The defendant further urges that the trial court erred in allowing evidence of the defendant having stolen property in his possession which was in addition to that alleged in the information.
One of the necessary elements of proof in a charge under this statute is that the defendant knew that the goods in his possession were stolen, or that he should have known that fact. Hart v. State, 92 Fla. 809, 110 So. 253; Winton v. State, 87 Fla. 104, 99 So. 249. The state contended that the statements of the defendant concerning the additional stolen items, plus a display of them, was relevant to prove this element of the charge. The trial judge accepted this contention and the record discloses that he was quite careful in keeping evidence of other possible crimes within the rule of relevance, as outlined in Williams v. State, Fla.1959, 110 So.2d 654.
An additional challenge to the introduction of the defendant’s statements and the exhibiting of some of this property was the fact that there was no direct evidence, other than the defendant’s statements, that all of this other property was stolen. We are well aware of the rule enunciated in Hodges v. State, Fla.1965, 176 So.2d 91 (reversing the opinion of this court in 169 So.2d 361.) that it is error to receive in evidence a confession or admission when the corpus delicti, that is, that the crime charged had been committed, could be established only by the confession or admission. In this case, the corpus delicti of the crime charged was proven. There was additional evidence, other than the statement of the defendant, that a portion of the other property was stolen. The trial judge, in his charge to the jury, was quite explicit in advising the jury the limited consideration they should give to this “other evidence”. Although great care by the trial judge to exclude improper portions of statements made by an accused must be exercised [Moseley v. State, Fla.1952, 60 So.2d 167; Hooper v. State, Fla.App. 1959, 115 So.2d 769; Minturn v. State, Fla.App.1962, 136 So.2d 359], no. error was committed in this instance by the trial judge.
The defendant also urges that some of the state’s exhibits were the product of an unreasonable search and seizure. The record discloses this is not true.
The judgment of conviction is affirmed.