PER CURIAM.
Appellant-defendant Hall seeks review of a judgment of conviction entered in a non-jury trial for breaking and entering and attempted grand larceny for which sentences totalling five years were imposed.
The sole point on appeal is the sufficiency of the circumstantial evidence presented to support the conviction.
The rule to be applied is not controverted, and is considered well-settled. The Florida Supreme Court in Davis v. State, Fla.1956, 90 So.2d 629, 631, stated the rule as follows:
“ * * * one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant’s guilt but it must also be inconsistent with any reasonable hypothesis of innocence. [Citations omitted.]
“Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, *525 it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence. * * *
On November 4, 1970, about 9:00 P.M., the fence and door of the Drake Electric Company was forcibly broken. The Drake premises, containing property worth in excess of $100.00, was protected by a silent burglar alarm which was activated at that time.
Miami Police Officer Reynolds arrived at the premises at about 9:08 P.M. on hearing a police radio call. He observed two Negro males coming through the fence on top of the wall. This was in a lighted area. He shouted for them to halt, but they ran. He observed boxes piled up near the hole in the fence. At trial, Officer Reynolds testified that he actually apprehended and arrested one of the suspects (not the appellant) who he described by build and clothing. He was able to describe the other man emerging from the hole in the fence as a Negro male of stocky build, about S' 6"-5' 7" tall and weighing more than two hundred pounds. He was not able to describe this second suspect’s clothing or to say definitely that Hall was the second man who came through the hole.
A proffer was made that a third man was also arrested. None of defendant’s fingerprints were found at the scene.
Officer Riley, in plain clothes and wearing a mustache, was riding in an unmarked police car; he went to the building about 9:45 P.M. on the evening in question after hearing a radio call. Officer Riley testified that he saw a Negro male, about S' 6", weighing about two hundred pounds wearing dark clothing who was running. The officer stopped the car, jumped from it and shouted, “Halt,” and “Halt, I am a police officer.” The man kept running. The officer fired three shots when the man did not stop. The officer arrested the man and identified him as the defendant.
Defendant testified that he was standing and waiting for a mechanic to fix his truck which had broken down about a block down the street from the Drake Electric. He testified that Riley’s car had tried to run him down and that he ran to avoid it and that he did not stop because Riley looked like a “hippie” with his mustache. He said he continued running because of the shots. He denied committing the crimes and denied knowing the others arrested. He testified he weighed one hundred and seventy pounds on November 4, and that he weighed two hundred pounds on the date of trial.
There was a conflict in testimony among the officers as to whether the defendant, on being arrested, was taken back so that Officer Reynolds saw him then. There was also a conflict in testimony between one officer and defendant as to an explanation for defendant’s presence at that location and as to booking procedures.
Our examination of the record reveals sufficient, competent and substantial evidence to support the judgment of conviction entered in the non-jury trial of the cause. In short, there was testimony that: (1) appellant resembled in height, build and weight one of two Negro men who were observed exiting the hole in the fence of the robbed building, (2) that he was running from the direction of the robbed premises (to the location of his truck) in a business district after 9:00 P.M., the same time that a “be on the look-out” police radio call about the Drake robbery was being broadcast, (3) that he did not stop when the officer identified himself. See: 22A C.J.S. Criminal Law §§ 624-625, pp. 459-471.
The judgment appealed from is affirmed.
Affirmed.