263 So.2d 595 (1972)
Alphonso Clarence ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1379.
District Court of Appeal of Florida, Third District.
June 13, 1972.
Rehearing Denied July 12, 1972.
*596 Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and Edward D. Gewirtz, Legal Intern, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant, Alphonso Clarence Robinson, seeks review of the judgment of conviction for attempted grand larceny rendered by trial court and his sentence of one year in the county jail.
The facts in the case sub judice are as follows:
Charles S. Olesky received a telephone call from an unknown person asking whether he wanted to purchase a stolen television set for four hundred dollars. Following the telephone call Olesky contacted the police who later kept the rendezvous established between Olesky and the caller. A police officer contacted the defendant at the meeting place and while the two men sat in an automobile the officer told defendant he had the money for the television set when in fact he only had five dollars in an envelope. Defendant stated the television set was nearby but he wanted the money first and when the officer refused, defendant said "No man, we don't do business that way". Defendant then attempted to leave the vehicle but the officer placed him under arrest. At trial defendant was convicted of attempted grand larceny.
An attempt to commit a crime involves the idea of an incompleted act as distinguished from the complete act necessary for the crime. The guiding principles necessary for an attempt were given in Gustine v. State, 86 Fla. 24, 97 So. 207 (1923):
"There must be an intent to commit a crime coupled with an overt act apparently adopted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design."
The intent to commit a crime standing alone does not amount to an attempt nor is preparation alone sufficient. The overt act must reach far enough towards the accomplishment of the desired result to amount to a commencement of the *597 consummation. There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter. Groneau v. State, Fla.App. 1967, 201 So.2d 599.
In prior cases Florida courts have dealt with the overt act necessary for an attempted larceny. The defendants in Hall v. State, Fla.App. 1971, 248 So.2d 524, Pickett v. State, Fla.App. 1967, 202 So.2d 203 and Groneau v. State, Fla.App. 1967, 201 So.2d 599 were convicted of attempted larceny and these cases taken together can establish guidelines for defining the overt act necessary for conviction. The evidence in Gustine v. State, supra, was not sufficient to sustain the existence of the overt act necessary for an attempted larceny. After getting into the automobile defendant tried to start the vehicle by disconnecting the locked ignition and making a circuitous wiring capable of starting the engine. The defendant was discovered when he got out of the automobile and left it, and at that time the proposed connection had not been made. The vehicle was not moved and the overt act necessary was not found by the court.
When viewed with the above examples, the facts in the instant case are not sufficient to sustain a verdict of attempted larceny on the basis that the overt act necessary for the attempt was not committed. The conversation engaged in by defendant and the police officer falls short of being the required overt act necessary for the commencement of the consummation of the attempted criminal act as it was ended by defendant prior to the accomplishment of the desired result and this will preclude conviction in view of the guidelines established by Groneau v. State, supra.
Finally the facts of the case do not support the conviction because the record on appeal does not reflect if the television set that was the subject of the proposed sale was in fact stolen and if it was stolen, whether it was defendant who committed the crime of stealing it.
For the foregoing reasons the judgment of conviction is reversed.
Reversed.
CARROLL, J., concurs in the judgment.