283 So.2d 882 (1973)
STATE of Florida, Appellant,
v.
Paul Henry TAYLOR, Appellee.
No. 73-196.
District Court of Appeal of Florida, Fourth District.
October 19, 1973.
*883 Robert L. Shevin, Atty. Gen., Tallahassee, and Gregory M. Wilson, and Nelson E. Bailey, Asst. Attys. Gen., West Palm Beach, for appellant.
No appearance for appellee.
WALDEN, Judge.
Reversible error was committed in dismissing the information which charged the defendant with being an accessory after the fact under Section 776.03, F.S. 1971, F.S.A., which provides:
"776.03 Accessory after the fact.  Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he has committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact and shall be guilty of a felony of the third degree, ..." (Emphasis supplied.)
As review and background, we project this sequence of pleadings. The amended information read, in material part:
"CHARGES that on the 13th day of December, 1972 in said County and State, PAUL HENRY TAYLOR, did unlawfully and with the intent that one CHARLOTTE ROBERTSON should avoid and escape detection, arrest, trial and punishment, then and there well knowing the said CHARLOTTE ROBERTSON had issued worthless checks, did then and there maintain, assist and otherwise aid the said CHARLOTTE ROBERTSON, in violation of Florida Statute 776.03."
The Bill of Particulars set forth that the crime took place at:
"(a) 6420 Alladin Dr., Orlando, Fla.; on 12/13/72; between the hours of 1:00 P.M. and 12:00 Midnight."
It further provided that the method of commission used by the defendant was:
"(b) By denying knowledge of the whereabouts of Charlotte Robertson and by concealing her identity by falsely identifying her as another person."
The defendant next filed his Motion to Dismiss under Rule 3.190(c) (4), F.R.Cr. Proc., 33 F.S.A., and factually alleged:
"1. On the 13th day of December, 1972, between the hours of 1:00 p.m. and 12:00 midnight at 6420 Alladin Drive, Orlando, Florida, I, Defendant, was occupying the premises with his wife Kathy Taylor.
"(2) At the above time and place two person who identified themselves as police officers from the Orlando Police *884 Department, Alana J. Hutter and Robert T. Hutter, came and questioned me about the whereabouts of a Charlotte Robertson.
"(3) The above officers questioned me about knowledge of where Charlotte Robertson was at that time located and I gave them her mother's address. The officers saw my wife Kathy Taylor, in the house, and asked me who she was and I identified her as Kathy Taylor. Charlotte Robertson was nowhere in the house at that time and I did not know her whereabouts at that time.
"(4) I do not know, nor have I ever known, that Charlotte Robertson has committed a felony in the State of Florida. (emphasis supplied.)
"(5) I have never seen any of her banking accounts or talked to any of her banks, nor do I have any knowledge of her financial status other than the fact that she told me that her husband was giving her money."
Thereupon, the state traversed under Rule 3.190(d), F.R.Cr.Proc., and made this sworn response:
"Officer Alana J. Hutter, Orlando Police Department, will testify that on the 13th day of December, 1972, the Defendant, PAUL HENRY TAYLOR, was informed of the commission of several felonies by Charlotte Robertson and that warrants had been issued for her arrest.

"That said Charlotte Robertson was present in the same house and was seen by both the Defendant and Officer Hutter at or near the time that the Defendant was informed of the commission of the felonies." (Emphasis supplied.)
Centering now upon the problem in this appeal, we know by reference to the statute that one of the essentials of the charged crime is knowledge that the principal (the person aided) had committed a felony. See Generally 9 Fla.Jur., Criminal Law, § 53, and 21 Am.Jur.2d, Criminal Law § 126.
There is no indication that evidence was taken in this case and we are concerned then with the adequacy of the information considered in the light of the subsequent pleadings, as above set forth.
The trial court dismissed the information on the basis that there was an insufficient allegation and showing of knowledge on the part of the defendant that he knew the principal had committed a felony. The key construction of the trial court was this:
"The essential thrust of the Statute [Sec. 776.03] is directed apparently at those who know a fugitive has committed a felony, not one who knows a fugitive is wanted for committing a felony." (Emphasis theirs.)
We must confess that we are unable to make the distinction between those who know a fugitive has committed a felony, as opposed to those who know a fugitive is wanted for committing a felony. Our research has not uncovered such proposition and defendant, represented in the trial court by private counsel, has not chosen to participate at the appellate level and give us the benefit of his advices in support of the trial court ruling. We would make three principal observations. 1) the information itself satisfactorily alleged the essential fact of knowledge, 2) even assuming the distinction suggested by the trial court, we notice from the traverse that it contains two ingredients or fulfills both distinctions mentioned in quashing the information. It said that the defendant knew that warrants had been issued for her arrest (an allegation which would be deemed insufficient under the trial court view) and it alleged that the defendant was informed of the commission of several felonies by the principal. And so this satisfies any view of the requirements of the statute as we see it. 3) Making a composite of the pleadings and in light of the *885 state's traverse, we think it is clearly and unequivocally reflected that defendant had the essential knowledge that the principal had committed a felony and, thus, the information should have survived the motion to dismiss.
We next volunteer dicta as concerns the information. It fails to allege a lack of relationship between defendant and Charlotte Robertson. As observed in Brooks v. State, Fla.App. 1964, 168 So.2d 785, "... because of the peculiar wording of the statute involved, it appears that the lack of relationship between the party charged as an accessory after the fact to the principal is a material element of the crime which must be established ... Therefore, to establish a prima facie case, the material elements of the crime must be set forth in the information and be proved by the state." This essential element was not averred in the information.
The motion to dismiss did not raise this defect as grounds; Rule 3. 190(b)(1), F.R.Cr.Proc., specifies, "All defenses available ... shall be made only by motion to dismiss ... whether the same shall relate to matter of form, substance...." Failure to timely raise a defect in the information constitutes waiver of the defect unless the information wholly fails to charge a crime. Failure to allege one ingredient of an offense does not render the charge void as wholly failing to charge a crime. Tracey v. State, Fla. 1961, 130 So.2d 605. Since defendant here did not raise the defect in his motion to dismiss, we will not sua sponte raise it as the information does not wholly fail to charge a crime. We make the dicta observation simply so that a future reader and pleader will not adopt this form of information in toto in the belief that it has been judicially sanctioned as the classic method of pleading under F.S. 776.03, F.S.A. supra.
In conclusion, it is our view that the court erred in dismissing the information upon the ground that it was insufficiently reflected that the defendant knew that the principal had committed a felony.
Reversed and remanded.
OWEN, C.J., concurs.
CROSS, J., concurs only in conclusion.