304 So.2d 501 (1974)
Freddie McQUEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 72-777.
District Court of Appeal of Florida, Fourth District.
October 31, 1974.
Rehearing Denied January 8, 1975.
Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
*502 Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
McQueen appeals from his conviction for buying, receiving, or aiding in the concealment of stolen property in violation of F.S. § 811.16. Because the state did not establish, even prima facie, the corpus delicti of the crime, apart from the defendant's confession, we reverse.
At the trial, the state established that McQueen was in possession, of and succeeded in pawning, for some $30.00, a calculator which had been stolen from someone else two months before. Over a defense objection that the corpus delicti was not otherwise proven, it also introduced McQueens' statement as to how he had come into possession of the calculator. The confession stated that after asking one Paul Holmes whether it was "hot," the defendant agreed to pawn the machine for Holmes in exchange for a $10.00 payment, and did so while Holmes waited in the car outside the pawn shop; the statement indicated that Holmes had asked McQueen to undertake this task because Holmes had "lost" his driver's license and other identification, which are usually required before a pawn shop owner will transact business. This "explanation" was such as to permit, perhaps impel, the jury to have concluded that McQueen either knew, or should have known, that the calculator had in fact been stolen  an indispensable element of the crime with which he was charged. E.g., Williams v. State, 106 Fla. 225, 143 So. 157 (1932); Lampley v. State, Fla.App. 1968, 214 So.2d 515; Mayer v. State, Fla.App. 1970, 231 So.2d 540. Thus, there is no difficulty in concluding that all the evidence, including the confession, see Holland v. State, 39 Fla. 178, 22 So. 298 (1897), amply supports the conviction. The insurmountable difficulty which does arise, however, is that Holmes did not testify at the trial, and there is no other evidence apart from his own statement (the $30.00 figure seems to have been a reasonable one for a pawn of the machine) concerning McQueen's guilty knowledge.
There is no doubt concerning the established rule that no criminal conviction may be based upon an extra-judicial confession by the defendant himself unless there is prima facie evidence of the corpus delicti of the crime independent of the statement. Smith v. State, 135 Fla. 835, 186 So. 203 (1939); Jefferson v. State, Fla. 1961, 128 So.2d 132. The issue presented to us  one which is of first impression in Florida, cf. Perez v. State, Fla.App. 1969, 220 So.2d 397, and concerning which we have found no clear authority even elsewhere  is whether the "corpus delicti" of this crime for purposes of permitting the introduction of a confession, as (perhaps) opposed to the elements required to establish guilt of the crime itself, includes the element of actual or implied knowledge of the fact that the goods in question were stolen. Drawing upon the cases which state the general rules applicable to the issue, and the established "corpus delicti" of other, analogous crimes, we conclude that it does. Since it is admitted that there was no such evidence, apart from McQueen's statement, in the trial below, his conviction must therefore be reversed.
Our resolution of the issue to this effect boils down to the fact that, without guilty knowledge, there would be no evidence that any crime, let alone the crime of receiving stolen property, had been committed. And it is established Florida law that the corpus delicti of a crime essentially consists of showings both of (a) the fact that the crime charged has been committed and (b) that some person is criminally responsible for it. Sciortino v. State, Fla.App. 1959, 115 So.2d 93. In the case of the analogous crime of larceny our Courts have stated that this definition includes an element of *503 guilty intent. In Williams v. State, Fla. App. 1960, 117 So.2d 548, 549, the Second District said:
"The corpus delicti in the charge of larceny consists of two elements: (1) that the property was lost by the owner and (2) that property was lost by felonious taking or, more explicitly, that property was taken without consent of the owner and with the requisite felonious intent." [emphasis supplied]
Accord: Cross v. State, 96 Fla. 768, 119 So. 380. Similarly, in the case of arson, our Supreme Court held in Smith v. State, supra, that
"The corpus delicti of arson is the fact that a building was burned by the wilful act of some person criminally responsible for his acts."
Accord: Miles v. State, 160 Fla. 523, 36 So.2d 182 (1948). It is apparent that the requirement of guilty knowledge, wilfullness, or intent, as stated in these cases, would require, as to this crime, a showing of knowledge, or of reason to know of the stolen character of the goods, which was not present in this case.
The State, supported, as it acknowledges, by no authority in point, argues that the corpus delicti of this crime includes only (a) evidence of ownership of the goods (b) the fact that they were stolen, and (c) possession of the goods by someone other than the owner. We reject this contention. Although, as the State contends, the corpus delicti rule does not require the establishment of all the elements of the crime, Pickett v. State, Fla. App. 1967, 202 So.2d 203, 205, it does require, at a minimum and as we have seen, proof that a crime has in fact been committed. Sciortino v. State, supra; Jefferson v. Sweat, Fla. 1954, 76 So.2d 494. Even the corpus delicti of first degree murder, which apparently unlike any other crime[1] does not include a requirement (of course necessary for conviction) of intent or premeditation, does include the element, not only of the identity of the deceased, and the fact of death, but also, of the criminal agency of another as the cause thereof ... Schneider v. State, Fla. 1963, 152 So.2d 731. The state's formulation of the corpus delicti of this crime does not however include even this. There is simply nothing criminal at all merely to be in possession or to dispose of property which happens to have been stolen. Williams v. State, supra; Gilbert v. State, Fla.App. 1972, 270 So.2d 750. And by the very terms of F.S. § 811.16 which states that
"Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be guilty of a felony . ..," [emphasis supplied]
it is plain that there is no violation of that statute, absent any showing of guilty knowledge. Such a showing must have been made, therefore, as a part of the corpus delicti in order to justify the admission of the confession which alone supplied one of the necessary elements of the crime. Since it was not, the conviction below is
Reversed, with directions to discharge the defendant.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Perhaps this distinction, which places first degree murder, F.S. § 782.04(1), in an apparently unique position, is historically rooted in the feeling of society that it is justified in somewhat "lowering" the applicable requirements, by the necessity of protecting itself against this most heinous of crimes. In any case, it is clear that we are on sound ground in looking to the analogy of larceny, rather than murder, in this case, even if the formulation of the corpus delicti of murder itself did not  as it does  also support our conclusion.