318 So.2d 166 (1975)
Richard James ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-574.
District Court of Appeal of Florida, Second District.
August 29, 1975.
James A. Gardner, Public Defender, Sarasota, and Patrick R. Cunningham, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was charged with the possession of phencyclidine. After his motion to suppress was denied, he entered a plea of nolo contendere, reserving the right to appeal the denial of his motion pursuant to Ashby v. State, Fla. 1971, 245 So.2d 225.
Detective Dorn stopped a motorcyclist named Smith because he thought his vehicle had neither a tag nor a taillight. As it turned out, the vehicle had both. After a routine radio check proved negative, Dorn allowed Smith to proceed. Shortly thereafter, he received a radio measage advising that Smith was wanted in Michigan on two felony narcotics warrants. Dorn then proceeded to the address he had seen on Smith's temporary Florida driving permit and arrested him as being "a fugitive from justice."
While Dorn was making the arrest, appellant, who was Smith's roommate, returned to the apartment with a third person named Allen Serap. Appellant admitted knowing Smith in Michigan for about six years but denied knowing that Smith was a fugitive. However, Serap said it *167 was common knowledge that Smith was a fugitive and that appellant knew it. At this point, Dorn arrested appellant for "harboring a fugitive." In the course of a search incident to the arrest, two packets of phencyclidine were found on appellant's person.
The propriety of the search depends upon the validity of the arrest. There is no crime in Florida known as "harboring a fugitive." However, one is guilty of being an accessory after the fact if he "maintains or assists" a felon to whom he is not related or gives him "any other aid" with the "intent that he shall avoid or escape detection, arrest, trial or punishment." Fla. Stat. § 776.03 (1973). The fact that Dorn did not describe the offense with technical accuracy would not be a basis upon which to invalidate the arrest. Therefore, the issue is whether Officer Dorn had probable cause to arrest appellant for being an accessory after the fact.
Even assuming the validity of the Michigan warrants[1] and the reliability of the uncorroborated statement of Serap, the only pertinent information known to Dorn was that appellant was sharing an apartment with a person he knew to be a fugitive from Michigan. This did not provide the probable cause necessary to arrest appellant. As related to the instant case, the crime of accessory after the fact requires that a person give aid to a fugitive with the intent that he should escape detection. Dorn had no evidence whatsoever that appellant was doing anything to assist Smith in hiding. As a matter of fact, while presumably not advertising that he was wanted in Michigan, Smith wasn't even concealing himself. Officer Dorn testified that the names of both Smith and appellant appeared on a utility bill found in the apartment. The common law crime of misprision of felony does not exist in Florida. Holland v. State, Fla.App.2d, 1974, 302 So.2d 806.
Since Officer Dorn did not have probable cause to arrest appellant for the crime of accessory after the fact, the resulting search was invalid and the motion to suppress should have been granted.
The judgment is reversed and the case is remanded for further proceedings consistent herewith.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] The Michigan warrants were never introduced into evidence at the hearing. Officer Dorn testified that Michigan apparently had decided not to extradite Smith. In view of our holding in this case, it is unnecessary for us to decide whether under Whitely v. Warden, 1971, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, proof of the sufficiency of the Michigan warrants was a condition precedent to Dorn's right to arrest Smith in his apartment and thereby be in a position to arrest and search appellant.