GRIMES, Judge.
This is an appeal from a conviction for perjury by contradictory statements pursuant to Fla.Stat. § 837.021 (1973).
The information charged that appellant
“ . . . did wilfully make two or more contradictory or inconsistent material statements in one or more trials or in *582 vestigations regarding the ownership of or interest in a certain business in Pinel-las County, Florida, known as ‘Book Broker’, said statements being under oath or affirmation pursuant to requirement or authorization of law and one or more of said statements are false, in that on the 30th day of April, 1974, CHARLES E. BELL did testify in the trial of State of Florida vs Charles B. Bell, Criminal Number 74-2666 as follows :
Question: Who is Jim Hamilton? (by Mr. Carr)
Answer: He’s a partner of mine. (by Charles E. Bell)
Question: Now . . . you never owned a hundred percent?
(by Cr. Casesa)
Answer: No.
(by Charles E. Bell)
Question: . . . . This affidavit does not mention any partner?
(by Mr. Casesa)
Answer: I don’t own the store myself, I always had a partner.
(by Charles E. Bell)
and he did further testify on June 10, 1974, in the investigation of State of Florida vs Richard Calvin Yeater, Circuit Criminal Number 74-2909, as follows :
Question: Do you own ‘Book Brokers’? (by Mr. Osborne)
Question: Do you have a partner in with you?
(by Mr. Osborne)
Answer: No, the store is in my name only.
(by Charles E. Bell)
Question: You have no partner?
(by Mr. Osborne)
Answer: No.
(by Charles E. Bell)”
The falsity of the statement is ordinarily an essential element of perjury. Gordon v. State, Fla. 1958, 104 So.2d 524. The statute insures proof of falsity by requiring that the statements be contradictory or inconsistent with each other. If one statement contradicts another, it follows that at least one must be false. Therefore, it is essential to the commission of the crime charged in this case that the statements are truly contradictory.
The statements allegedly made by appellant as set forth in the information are not necessarily contradictory or inconsistent with each other. On April 30, 1974, appellant is quoted as saying that he had a partner in his business on that date and had always had a partner in the business. On June 10, 1974, appellant is quoted as saying that he did not have a partner in his business. He is not quoted as saying on June 10, 1974, that he did not have a partner on April 30, 1974. If the partnership were dissolved between April 30, 1974, and June 10, 1974, the statements would be entirely consistent.
Since the information wholly failed to state a crime, appellant’s motion to dismiss should have been granted. See State v. Taylor, Fla.App.4th, 1973, 283 So.2d 882; cf. Hepburn v. Chapman, 1933, 109 Fla. 133, 149 So. 196.
REVERSED.
BOARDMAN, Acting C. J., and SCHEB, J., concur.