388 So.2d 610 (1980)
Felix RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1578.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
*611 SCHWARTZ, Judge.
Ruiz appeals from his conviction on a charge of being an accessory after the fact to murder, in violation of Section 777.03, Florida Statutes, (1977). Since it is admitted that, absent the defendant's confession, the evidence does not support the jury's guilty verdict, the dispositive issue is whether the state presented adequate independent evidence of the crime to justify the admission of the statement. We conclude that it did not and that the confession should have therefore been excluded. Consequently, we reverse the judgment below.
The appellant was charged with having intentionally rendered aid or assistance to one Manual Valle, with the knowledge that Valle had murdered a Coral Gables police officer on April 12, 1978. Apart from the contents of a statement made to an investigator by Ruiz himself, the state adduced testimony which showed only that, on the date in question, the defendant was a passenger in a car being driven by Valle when it was stopped by officer Luis Pena. Gary Spell, another Coral Gables officer who responded to the scene as a back-up, testified that he saw Ruiz leave the area on foot while Valle was being questioned. A short while after Ruiz had walked away-at a point in time when Spell did not know whether he was "still anywhere in that vicinity"-Valle began shooting at both officers, killing Pena and severely wounding Spell. Two days later, two Latin males were seen together on the beachfront at Deerfield Beach, Florida. When captured after they had each tried to escape from approaching officers, they turned out to be Ruiz and Valle. On this appeal, Ruiz contends that this showing does not amount to the "`substantial evidence' tending to show the commission of the charged crime"[1] which is required to support the admission of Ruiz's confession into evidence. We agree with this contention, thus rendering it unnecessary to consider Ruiz's claim that, even with the confession, the evidence is insufficient. See, McQueen v. State, 304 So.2d 501, 502 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975).
It is apodictic that, when a confession is relied upon to satisfy the state's burden of proof to establish the defendant's guilt, there must be either direct or circumstantial evidence-apart from the confession - of the so-called corpus delicti of the offense with which he is charged. Smith v. State, 93 Fla. 238, 112 So. 70 (1927); Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976). As to each crime-with the apparent exception of murder[2]-this requirement is the same as showing the existence of every element of the particular offense. State v. Allen, supra.[3] The crime of accessory after the fact is statutorily defined as follows:
Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an *612 accessory after the fact. § 777.03, Fla. Stat. (1979).
In accordance with the clear terms of the statute, the elements of this crime are (1) knowledge by the defendant that a felony has been committed; Whorley v. State, 45 Fla. 123, 33 So. 849 (1903); (2) the absence of the statutory familial relationship between the defendant and the felon; Brooks v. State, 168 So.2d 785 (Fla.3d DCA 1964), cert. denied, 177 So.2d 474 (Fla. 1965), cert. denied, 382 U.S. 1015, 86 S.Ct. 627, 15 L.Ed.2d 529 (1966); and (3) aid to the felon with the intent that he escape arrest or punishment for the crime he has committed. Hearn v. State, 43 Fla. 151, 29 So. 433 (1901).
Contrary to the state's contention, we think it obvious that the extra-confession showing which has been outlined contained no evidence whatever as to any, let alone all, of these elements of the crime and therefore of its corpus delicti:
(1) There was no independent evidence that Ruiz was aware that Valle had murdered officer Pena. In this regard, we cannot accept the state's claim that the defendant "must have heard" the shots because they were fired only 20-30 seconds after he had departed the scene. Moreover, even if he had heard shooting, there is no indication that he would have known that it involved the murder of the officer.
(2) There was no evidence as to the non-relationship between Ruiz and Valle.[4]
(3) Neither the fact that Ruiz was with Valle two days after the shooting nor that they both tried to avoid being captured[5] provides any evidence that Valle had been assisted in his attempt to escape apprehension for the murder. Roberts v. State, 318 So.2d 166 (Fla.2d DCA 1975); Overton v. State, 161 Ind. App. 650, 317 N.E.2d 467 (1974).
In sum, as in the very similar cases of Dennis v. State, 230 Ind. 210, 102 N.E.2d 650 (1952) and State v. Hernandez, 83 Ariz. 279, 320 P.2d 467 (1958), there was, the defendant's statement aside, no evidence which authorized even a reasonable inference that anyone had committed the crime with which Ruiz was charged. See, Allen v. State, supra, at 335 So.2d 824, 825.
The state correctly points out that the purpose which underlies the corpus delicti rule is to prevent a conviction on the sole basis of a defendant's misguided confession to a crime which did not in fact occur. See, State v. Allen, supra, at 335 So.2d 823. It forcefully and skillfully maintains that this policy would be effectuated if independent proof of the underlying felony-in this case, the murder of officer Pena-were itself deemed a sufficient basis for the admission of a confession to accessory after the fact. This contention is a reasonable and, particularly as applied to the facts of this case, extremely appealing one. It is, however, unacceptably and totally contrary to the established law. There is no question both that accessory after the fact of a felony and the felony itself are entirely separate and distinct offenses and that the mere occurrence of the felony provides no basis whatever for concluding that someone has subsequently aided the felon to escape.[6] *613 The Florida decisions clearly establish that, in applying the corpus delicti rule, not only "must [it] be shown that the specific crime charged had been committed" [e.s.]; Sciortino v. State, 115 So.2d 93, 99 (Fla.2d DCA 1959),[7] but that
[t]o establish a prima facie showing sufficient for the corpus delicti, it would be unreasonable to attempt to show that some form of crime was committed and then attempt to infer that since some form of crime took place, the specific crime charged was also committed.
Rowe v. State, 84 So.2d 709, 711 (Fla. 1956). In an analogous situation, moreover, the court in McQueen v. State, supra, rejected a similar contention that the corpus delicti of the crime of buying, receiving, or concealing stolen property was satisfied by a showing that the goods in question had been the subject of the "predecessor crime" of larceny. Finally, the authorities which have considered the precise question have squarely and uniformly held that all the elements of the crime of accessory must themselves be independently demonstrated and that proof of the underlying felony is not alone sufficient. State v. Hernandez, supra; Dennis v. State, supra; 7 Wigmore, Evidence § 2072 (Chadbourn rev. 1978); cf., People v. Parker, 122 Cal. App.2d 867, 265 P.2d 933 (1954).
It gives us no pleasure to reach the result we think is clearly required by the law of our state. We are compelled by our oaths and by our office, however, to apply neutral and settled principles of law to the facts shown by the record. See, State v. Black, 385 So.2d 1372 (Fla. 1980); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). We do so in this case by reversing the judgment below and remanding the cause with directions to discharge the defendant.
Reversed and remanded.
NOTES
[1] State v. Allen, 335 So.2d 823, 825 (Fla. 1976).
[2] For the purposes of admitting a confession, the corpus delicti of every crime of homicide is the same. See, Schneider v. State, 152 So.2d 731 (Fla. 1963). See, McQueen v. State, supra, at 304 So.2d 503, note 1 for the possible reason that, as to first degree murder, only a showing that an individual's death has been caused by the "criminal agency" of another is required and not also the intent which is also an element of the crime.
[3] In Allen, the supreme court's most recent discussion of the subject, the term "corpus delicti" is defined as meaning, and is used interchangeably with the elements of the crime in question. 335 So.2d at 824, n. 2, 825. The language which may suggest otherwise in Daughtry v. State, 65 Fla. 415, 62 So. 345 (1913) and Pickett v. State, 202 So.2d 203, 205 (Fla.1st DCA 1967); see also, McQueen v. State, supra, at 503, refers only to the fact that the identity of the offender need not ordinarily be established by independent proof. Allen v. State, supra, at 335 So.2d 825; State v. Snowden, 345 So.2d 856 (Fla. 1st DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977). As we point out infra, however, this rule does not apply to the crime of accessory after the fact.
[4] Because the fact that there is no excluded relationship between the defendant and the felon is uniquely an element of this particular crime, it is apparent that, contrary to the usual rule, see note 3, supra, there must be some independent evidence of the identity of the person who committed it. See, Dennis v. State, 230 Ind. 210, 102 N.E.2d 650 (1952).
[5] Ruiz was himself wanted for an alleged parole violation.
[6] The decisions upon which the state most heavily relies, People v. Holmes, 67 Ill.2d 236, 367 N.E.2d 663 (1977), and People v. Terlisner, 96 Mich. App. 423, 292 N.W.2d 223 (1980) are completely distinguishable on just this ground. Each of them involved a defendant charged with the principal crime itself. The fact that the basis of the defendant's criminal responsibility was that he either aided or abetted the commission of the felony or was an accessory before the fact (and was, for either reason, therefore deemed a principal to the crime) did not alter the applicability to those cases of the very rule we apply to this one, requiring evidence of the corpus delicti of the particular crime charged. Each of the cited cases is entirely consistent with that principle and with the concomitant general rule, see notes 3 and 4, supra, that once the crime has been otherwise demonstrated, the defendant's confession may be employed to provide evidence of his personal guilt.
[7] Sciortino was approved by the supreme court in the Allen case, which similarly states at 335 So.2d 825 that there must be independent evidence of "the charged crime." Accord, e.g., Jefferson v. Sweat, 76 So.2d 494, 499 (Fla. 1954); McQueen v. State, supra, at 304 So.2d 502.