SCHOONOVER, Judge.
The appellant, Ramon Carrillo, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of being an accessory after the fact to the crime of second degree murder. We reverse.
Appellant was originally charged with the crime of second degree murder, a violation of section 782.04(2), Florida Statutes (1983). Immediately prior to trial, the ap-pellee, State of Florida, filed an amended information which added a second count charging appellant with being an accessory after the fact. Pertinent parts of count II of the amended information alleged that the appellant, in violation of section 777.03, Florida Statutes (1983), gave or offered aid to Richard Campos knowing that he had committed a felony, to wit: murder in the second degree, with the intent that Campos *451 avoid or escape detention, arrest, trial, or punishment.
During appellant’s trial, the state presented evidence that appellant was Campos’ brother-in-law. At the conclusion of the state’s case, appellant moved for a judgment of acquittal. The motion was denied. Appellant then renewed his motion for a judgment of acquittal at the conclusion of all of the evidence.[1]
The jury returned a verdict finding the defendant not guilty of the second degree murder charge and guilty of the charge of accessory after the fact. After the trial court imposed judgment and sentence, the appellant filed a timely notice of appeal.
Appellant contends that the state failed to establish one of the material elements of the crime of accessory after the fact under section 777.03. The elements of the crime are: (1) knowledge of the defendant that a felony has been committed, (2) absence of the statutory familial relationship between the defendant and the felon, and (3) aid to the felon with the intent that he escape arrest or' punishment for the crime that he has committed. Ruiz v. State, 388 So.2d 610 (Fla. 3d DCA 1980). Appellant claims that the state did not establish the second of these elements.
Because of the peculiar wording of section 777.03, the lack of familial relationship between the principal and the party charged as an accessory after the fact is a material element of the crime. To establish a prima facie case, the material elements of the crime must be set forth in the information and must be proven by the state. Brooks v. State, 168 So.2d 785 (Fla. 3d DCA 1964); State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973).
In the case sub judice, the state failed to allege the absence of the statutory familial relationship between appellant and the offender. Appellant waived this de-feet, however, by failing to file a motion to dismiss the information. See Taylor. The state’s failure to allege one ingredient of the offense did not render the information void as wholly failing to charge a crime. See Taylor.
In spite of appellant’s waiver, it was still incumbent upon the state to establish the lack of familial relationship between the appellant and the person who allegedly committed the murder. By proving that the appellant was the brother-in-law of Richard Campos, a relationship that is included within the statute’s protection, State v. C.H., 421 So.2d 62 (Fla. 4th DCA 1982), the state negated its ability to prove a material element of the charge. The court therefore erred in denying appellant’s motion for a judgment of acquittal.
We, accordingly, reverse and remand with instructions to discharge the defendant on this charge.
Reversed and remanded.
GRIMES, A.C.J., and SCHEB, J., concur.

. In their briefs, the parties stated that the appellant’s motion for a judgment of acquittal was not renewed. A review of the record indicates, however, that the motion was renewed with the court’s permission and without objection immediately after the jury was instructed. Since the court recessed without opportunity for interruption after the conclusion of all of the evidence, and then began to instruct the jury immediately upon resumption of trial, this was the appellant’s first opportunity to make the motion without disrupting the proceedings.