WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for dealing in stolen property. Appellant asserts that the state failed to offer prima facie evidence of the corpus delicti of the crime before it introduced his confession into evidence, with the result that his conviction for dealing in stolen property is based solely on his confession. We agree and reverse appellant’s conviction on this count.
A criminal conviction cannot be based solely upon an extrajudicial confession by the defendant unless there is prima facie evidence of the corpus delicti of the crime independent of the statement. McQueen v. State, 304 So.2d 501, 502 (Fla. 4th DCA 1975). The corpus delicti of a crime essentially consists of showings both of the fact that the crime charged has been committed and that some person is criminally responsible for it. Id. In the instant case, although the evidence was sufficient for the jury to convict appellant of petit theft of the victim’s videocassette recorder, there is no evidence demonstrating how appellant disposed of the item after he unlawfully took it other than appellant’s confession that he sold the item to an unknown individual at some undisclosed location for $100. Because there was no evidence establishing the corpus delicti of the crime of dealing in stolen property other than appellant’s confession, appellant’s conviction on that count must be reversed.
The conviction for the charge of dealing in stolen property is reversed and the cause remanded. Should the court resentence appellant upon remand, it may consider appellant’s potential status as a habitual misde-meanant under section 775.084(l)(b), Florida Statutes.
ERVIN and ZEHMER, JJ., concur.