THOMPSON, C.J.
Shawn Melahn appeals his conviction for accessory after the fact to burglary of a structure. We reverse.
Melahn was charged with accessory after the fact to burglarizing a pet shop from which his roommate stole a Panther Chameleon. Melahn testified that on the night of the burglary, his roommate woke him up and asked for a ride to the roommate’s girlfriend’s residence. Melahn agreed to taking his roommate, but according to Me-lahn’s testimony, he slept in the passenger seat while his roommate drove. He testified that he did not wake up until his *930 roommate began driving erratically, which would have been after the burglary. When the roommate began driving erratically, Melahn shut off the ignition to the car. Immediately thereafter, the roommate exited the car and ran. Melahn and the roommate were apprehended at separate locations. When police questioned Melahn about the chameleon, he said that he did not know what the officer was talking about, and that he did not know who had been in the car with him. There was direct evidence which, if believed, put Me-lahn in the driver’s seat of the car after the burglary, and there was .circumstantial evidence negating that testimony.
The trial court denied Melahn’s motion for a judgment of acquittal, which was based in part on the argument that Me-lahn did not commit a crime merely by denying knowledge of the incident and refusing to answer questions. Later, the state argued to the jury that Melahn should be found guilty of being an accessory if the jury believed he was the driver of the car, or if the jury believed that Melahn aided the roommate in avoiding detection, arrest, trial or punishment by refusing to tell the police who was with him or what occurred at the store.
The crime of accessory after the fact requires some overt action by the defendant. See Bowen v. State, 791 So.2d 44, 52 (Fla. 2d DCA 2001) (citing Roberts v. State, 318 So.2d 166 (Fla. 2d DCA 1975)). Certain falsehoods told to an officer seeking information, which go beyond merely disavowing knowledge or refusing to cooperate with an investigation, may support a conviction for accessory after the fact. Id. at 53 (citing State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973)). In the instant case, Melahn’s conduct upon being questioned by police cannot support a conviction for accessory after the fact because he merely refused to cooperate, and he told no alleged falsehoods beyond disavowing knowledge.
The state argues that the conviction can be sustained on the theory that Melahn assisted the roommate by driving the car. While it may bé true that the evidence was sufficient under this theory, the conviction cannot stand. Here, the jury returned a general verdict, so it cannot be determined upon which theory the jury relied. Because one of the theories is legally unsupportable, and it cannot be determined upon which theory the jury relied, the verdict must be set aside. See Valentine v. State, 688 So.2d 313, 317 (Fla.1996); Compare Steverson v. State, 787 So.2d 165, 167 (Fla. 2d DCA 2001).
REVERSED.
SAWAYA, J., concurs.
ORFINGER, J., concurs in result only, without opinion.