PER CURIAM.
B.E., a juvenile, appeals the trial court’s adjudication of delinquency and disposition entered following an adjudicatory hearing. We affirm because the trial court did not err when it denied B.E.’s motion for judgment of acquittal.
The sole issue raised in this appeal is whether the trial court erred in denying B.E.’s motion for a judgment of acquittal based on the State’s alleged failure to establish corpus delicti for the charge of possession of marijuana so as to make B.E.’s confession admissible. Before a confession is admitted, the State has the burden of proving by substantial evidence that a crime was committed. In State v. Allen, 335 So.2d 823, 824 (Fla.1976), the Florida Supreme Court declared that “the State has the burden of proving by substantial evidence that a crime was committed, and that such proof may be in the *1146 form of circumstantial evidence.” The State, however, does not have to prove the identity of the defendant as the guilty party. See Burks v. State, 613 So.2d 441, 443 (Fla.1993).
In this case, the State’s theory was constructive possession of marijuana. The prosecution presented competent, substantial evidence to establish each element of constructive possession of marijuana. It is uncontroverted that possession of marijuana is a crime. Thus, someone, either B.E. or the resident of the premises, was in constructive possession of the illicit substance. For the purpose of showing corpus delicti, it is immaterial which of the two suspects was guilty of the constructive possession. Consequently, the State was able to introduce B.E.’s statement acknowledging ownership of the marijuana.
Affirmed.