# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2055
Lower Tribunal No. 12-4467-A
_____

**The State of Florida,**
Appellant,

vs.

**Akil Edwards,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel De La O, Judge.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, for appellee.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Before WELLS, SALTER and FERNANDEZ, JJ.

PER CURIAM.

The State appeals an order granting a motion in limine by the defendant/appellee, Mr. Edwards, precluding the State from introducing Mr. Edwards' confession at trial. The legal basis for the pretrial motion and order was an alleged insufficiency of evidence of *corpus delicti* and this Court's opinion in State v. Ruiz, 388 So. 2d 610 (Fla. 3d DCA 1980). We conclude that Ruiz—a case involving an application of the *corpus delicti* rule **after** trial and a jury's guilty verdict—was not controlling on the pretrial record presented here, and we reverse the order below.

Mr. Edwards was charged with being an accessory after the fact, pursuant to section 777.03(c), Florida Statutes (2012), as the getaway driver for co-defendant Leon Sheldon following the co-defendant's commission of a strong arm robbery. Mr. Edwards gave a confession, but argued that the State had no other evidence to support the charge.

The State proffered evidence that Mr. Edwards' girlfriend loaned him her rental car—the automobile identified by the victim by make and tag number, and as the vehicle which transported the co-defendant to and away from the strong arm robbery—the day of the crime, before the strong arm robbery occurred. The State also offered the victim's testimony that after knocking him to the ground and taking his property, the co-defendant jumped into the car and yelled "go, go!"

2

The State showed substantial evidence that the injury or harm suffered by the victim occurred, and that it was occasioned by criminal conduct of the co-defendant and his getaway driver. Such evidence, which may be circumstantial evidence, is a sufficient predicate for the admission of the confession into evidence. State v. Allen, 335 So. 2d 823 (Fla. 1976); B.E. v. State, 14 So. 3d 1145 (Fla. 3d DCA 2009).

Reversed.